## 10489

### SCHOOL DISTRICT v. MARION COUNTY.

#### (103 S. E. 767.)

1. PLEADING—DEMURRER ADMITS AVERMENTS.—A demurrer admits the averments of the pleading attacked.

2. HIGHWAYS—COMPLAINT FOR DESTRUCTION OF SHADE TREES HELD TO STATE A CAUSE OF ACTION FOR NEGLIGENT REPAIR.—A complaint by a school district, whose shade trees were destroyed by the servants of a county in repairing a road, *held* not to state a cause of action for tort, but a cause of action, under Civ. Code 1912, sec. 1972, for the negligent repair of a highway; the employees of the county, in cutting the trees, acting within the scope of their employment, and making it liable for any negligent act.

Before MAULDIN, J., Marion, ——. Reversed.

Action by School District No. 19, of Marion County, against the County of Marion, for damage to shade trees in repairing a public road. Defendant demurred to the complaint, and, upon such demurrer being sustained, the plaintiff appeals.

*Mr. J. W. Johnson,* for appellant, cites: *For purpose of demurrer, facts as alleged are admitted:* 111 S. C. 7. *And a complaint attacked by way of demurrer must be liberally construed:* 110 S. C. 534; act 1874 (Gen. Stat. 1087), construed; 20 S. C. 495; 38 S. C. 382; 40 S. C. 390; act 1874 amended in 1892 and 1901, and as amended now appears as sec. 1972, 1 Civil Code 1912. *Remedial statute and should be given liberal construction:* 59 S. C. 577. *Construction of statute has broadened its remedial scope:* 71 S. C. 170; 76 S. C. 202; 95 S. C. 187; 83 S. C. 506. *Liability of cities fixed by sec. 3053, 1 Civil Code. Difference between liability of city and county marked:* 94 S. C. 375.

*Mr. M. C. Woods,* for respondent, cites: *Act complained of was outside limits of highway and outside of scope of agency of laborers, and county not liable:* 80 S. C. 32.

July 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for damages alleged to have been committed by respondent while repairing a public road, by negligently cutting and destroying shade trees of appellant. Respondent demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. His Honor, Judge Mauldin, sustained the demurrer and dismissed the complaint.

Plaintiff appealed, and by two exceptions, which are: "First. In sustaining the respondent's demurrer, thus holding that the action was an action for tort; whereas, he should have held that the action was for actual damages suffered by appellant by the negligent conduct of respondent in repairing a public highway.

"Second. In not holding that the complaint stated a cause of action under section 1972 of volume I of Code for damages suffered by appellant, occasioned by respondent in the negligent repair of a public highway."

The exceptions are sustained; the complaint states a good cause of action. The demurrer admits the allegations thereof. There is no doubt that the hands, employed by the county in repairing the road, were under the control of the county, acting within the scope of their employment. For any negligent act on their part in building or making repairs on the highway, by which a party is injured, they must respond in actual damages.

In the present case demurrer admits damage was inflicted in the negligent repair of the highway. Order appealed from is reversed.

Reversed.

Mr. Chief Justice Gary concurs.

Mr. Justice Gage. I concur. I think rights ought not to be settled on the pleadings except in a plain case. The testimony will show the presence or absence of a wrong.

Mr. Justice Hydrick, *dissenting.* The question to be decided in this case arose upon a demurrer to the complaint, which was sustained by the Circuit Court. The plaintiff, a school district of the county of Marion, sued the county for damages for negligently cutting down the shade trees on the schoolhouse lot, while engaged in repairing a public highway which runs by the lot. The gist of the complaint is contained in the following allegation:

"Defendant, by its agents and servants, while engaged in the repair of said road, negligently and unlawfully cut down and destroyed practically all of the shade trees on said lot."

The ground of demurrer is that it appears on the face of the complaint that defendant is a body politic, incorporated for governmental purposes, and, being a part of the State, is not subject to liability for damages for the tortious acts of its employees, unless made so by statute.

The plaintiff, recognizing the principle, which has been settled by numerous decisions of this Court, that the State cannot be sued without its consent, and that the county, being merely an agency of the State for governmental purposes, partakes of that immunity, contended on Circuit and in this Court that the action may be maintained under section 1972, vol. I, Civil Code, which reads:

"Any person who shall receive bodily injury or damage in his person or property through a defect or in the negligent repair of a highway, causeway, or bridge, may recover in an action against the county, the amount of actual damage sustained by him by reason thereof: *Provided,* Such person has not in any way brought about such injury or damage by his own act or negligently contributed thereto. If such defect in any road, causeway, or bridge, existed before such injury or damage occurred, such damage shall not be recovered by the person so injured, if his load exceeded the ordinary weight: *Provided, further,* That such county shall not be liable unless such defect was occasioned by its neglect or mismanagement: *Provided, further,* That if in any case brought under this section it is made to appear that before the damage occurred the supervisor of such county had been notified in writing, by any citizen, that the highway, causeway or bridge, at or on which the damage occurred was defective, or needed repair, the burden of proof as to the negligence of county officials shall be upon

26—S. C. 114

the county to show, either that such defect did not in fact exist, or that it had been properly repaired, or that a reasonable time had not elapsed since such notice within which to make such repairs."

Reading the language of the section alone, without reference to the construction of it by our previous decisions, it is manifest that an action like this cannot be brought within its letter or spirit, not even by the most liberal construction. The language of the section makes it almost too plain for argument that the negligence for which the county is made liable must result in such a defect in, or defective condition of, the highway, as makes it unsafe for travel, and such has been the uniform construction of it by this Court.

Our decisions construing the statute were all reviewed in *Triplett v. Columbia*, 111 S. C. 7, 96 S. E. 675, 1 A. L. R. 349. In that case plaintiff sought to make the city of Columbia liable in damages for an injury (sickness) caused by a defective condition of a street, to wit, allowing drainage water to pond and remain in the street until it became so stagnant and filthy as to cause plaintiff, who lived near it, to be made sick. It was held that the action could not be maintained under section 3053, vol. I, Civil Code, the language of which, though slightly different in another respect, is practically the same as that of section 1972, from which it was taken, in so far as the present issue is concerned; if there is any difference, the language of section 3053 is more favorable to the view contended for by appellant than that of section 1972.

But by reference to the decision in the Triplett case, and the reasoning upon which it is based, it will be seen that this action cannot be maintained without overruling that decision. We must not be understood as holding that plaintiff is remediless. We merely hold that section 1972 does not afford a remedy for the injury complained of. The facts are not stated with sufficient clearness or detail to enable us

to determine whether plaintiff has a remedy, or what it may be, if, indeed, it is within our province to do so.

The judgment should be affirmed.

MR. JUSTICE FRASER.    I concur in result with Mr. Justice Hydrick.    It seems to me that, whatever may be said as to the right to recover for damage to adjacent lands, caused by a defect in, and the negilgent repair of, a highway, the injury here complained of was a separate and independent trespass, outside of the highway, and not connected, by the complaint, in any way with the work on the highway.    In this view the case of *Scott v. Richland County*, 83 S. C 506, 65 S. E 729, is not applicable