## 10762

### SCHOOL DIST. NO. 19 v. MARION COUNTY

#### (109 S. E. 799)

APPEAL AND ERROR—JUDGMENT REVERSING ORDER SUSTAINING DEMURRER TO COMPLAINT HELD RES JUDICATA AS TO RIGHT TO RECOVER ON MERITS.—Judgment of Supreme Court, reversing order sustaining demurrer to complaint in action against county on ground that county could not be sued, *held* res judicata on subsequent appeal as to the right to recover against the county in the action on the merits.

Before MEMMINGER, J., Marion, spring term, 1921. Affirmed.

Action by School District No. 19, of Marion County, against Marion County. Judgment for plaintiff and defendant appeals.

For the former appeal in this case see 114 S. C., 382.

The exceptions referred to are as follows:

(1) In that his Honor erred, it is respectfully submitted, in not granting the first ground of defendant's motion for a directed verdict, to-wit: "Because it now appears affirmatively from the testimony and evidence that in the cutting of the trees in question the road hands went without the public highway and committed a trespass, and the enabling Act, whereby counties may be sued, does not extend the liability of the corporation to trespasses committed by persons who may be in its employment"—it being submitted that the injury proved in this case arose through neither a defect in the highway nor in the negligent repair thereof, but, on the contrary, arose from a trespass on property entirely without the highway.

(2) In that his Honor erred, it is respectfully submitted, in not granting the second ground of defendant's motion for a directed verdict, to-wit: "Because it now appears affirmatively from the testimony and evidence that, in the cutting of the trees in question, the road hands went without the public highway and committed a trespass without au-

thority from the County Commissioners, and, under the terms of the Enabling Act providing for suits against counties, the county is no more liable for the cutting of these trees than it would be had the hands burned the schoolhouse or committed some other like act of trespass"—it being submitted that, in going upon the lands of another and committing a trespass thereon, the road hands exceeded the scope of their employment or agency, and the corporation cannot be held liable therefor.

*Mr. M. C. Woods,* for appellant, cites: *County not liable for independent and unauthorized trespass of its employes*: 111 S. C., 7; Sec. 1972 Civ. Code 1912.

*Mr. J. W. Johnson,* for respondent. No citations.

December 6th, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record:

"This action was commenced by respondent against appellant on September 1, 1919, for damages alleged to have been sustained by respondent from the cutting down of trees by road hands on respondent's lot. To the complaint the appellant interposed a demurrer, which was sustained by the Circuit Judge, and the order of the Circuit Judge was reversed on appeal. 114 S. C., 382; 103 S. E., 767. The case was tried on its merits at the spring term of the Court of Common Pleas for Marion County, and the jury gave respondent a verdict for $250.00. Within due time appellant gave notice of intention to appeal."

There are two reasons why the exceptions cannot be sustained. In the first place, the questions raised are *res adjudicata;* and in the second place the principles for which the appellant contends are concluded by the cases of *Faust v. Richland County* and *Kelly v. Richland County,* 117 S. C. 251, 109 S. E., 151, in which the opinions were recently filed; the decisions having been rendered by the Court en banc.

Appeal dismissed.

Mr. JUSTICE COTHRAN: I concur in the ground that the former appeal is *res adjudicata.* The judgment in that appeal is, in my opinion, wrong and should have been over-ruled, for the reasons given by me in the case of *Faust v. Richland County.* Both cases will yet be overruled.