### 10558

### POLIAKOFF v. AMERICAN RAILWAY EXPRESS CO.

#### (105 S. E. 745.)

CARRIERS — WHETHER PLAINTIFF SHIPPER ENTERED INTO CONTRACT EMBODIED IN RECEIPT A JURY QUESTION.—In an action against an express company for failure to deliver a shipment from plaintiff to consignee, whether plaintiff entered into the contract embodied in the receipt limiting recovery issued by defendant *held* for the jury.

Before BOWMAN, J., Barnwell, April term, 1920. Affirmed.

Action by S. Poliakoff against American Railway Express Company. From judgment for plaintiff, the defendant appeals.

The exceptions herein are as follows:

(1) That his Honor erred, it is respectfully submitted, in refusing defendant's motion for a directed verdict for any amount in excess of $50, on the ground that under the express receipt the liability of the defendant company, in case of loss, was limited to $50, and no more; the amount being based upon the rate charged and weight.

(2) That his Honor erred, it is respectfully submitted, in failing to charge the jury at the request of the defendant as follows: "I charge you, gentlemen of the jury, that if the

plaintiff is entitled to recover in this case, that he cannot recover an amount in excess of $50, for the reason that he agreed to this valuation at the time the shipment was turned over to the express company by failing to have the agent insert in the express receipt a greater value than $50, and in not paying an increased rate for a higher valuation." In that the amount to be recovered was limited by the express receipt in case of loss and was the contract between the parties.

(3) That his Honor erred, it is respectfully submitted, in allowing the witness, Poliakoff, to answer the following question over the objection of defendant's attorney:

"Q. At the time that you sent it back did you tell them what was in the package? Mr. Blatt: If the Court please, the express receipt is the best evidence. Witness: It was marked on the package to the Knickerbocker Clothing Company and that it meant it was clothing, of course. Mr. Blatt: We object to the witness stating all of that. The express receipt is the best evidence and we think the Court ought to make counsel produce it. We object to it. The Court: Go ahead, Mr. Ninestein, we will strike it out later if we find it is not proper."

In that it attempted to allow the plaintiff to testify as to the valuation of the package, and allow the plaintiff to vary and contradict the terms of the express receipt, which was the only contract between the parties.

(4) That his Honor erred, it is respectfully submitted, in allowing the witness, Poliakoff, to testify as to the value being placed on the package at the time it was delivered to a negro porter, employed by the agent as a driver, for shipment, in that it attempted to vary and contradict the terms of the express receipt and in attempting to place a value on

the package other than that which was stated in the express receipt.

(5) That his Honor erred, it is respectfully submitted, in charging the jury as follows: "The plaintiff must make out his case by the preponderance or greater weight of the testimony. It is on the express company to show that the agreement was made. That is the burden on them." In that it misled the jury and made them believe that under the law the express company, defendant in this case, would have to establish this agreement by the greater weight or preponderance of the testimony, when, as a matter of fact, the burden of proof was upon the plaintiff to establish by the greater weight or preponderance of the testimony that the valuation was the amount as alleged by them in their complaint.

(6) That his Honor erred, it is respectfully submitted, in failing to direct a verdict for the defendant for any amount in excess of $50, in that under the law and testimony as was had at the trial of the case, the defendant was entitled to a direction of a verdict for any amount other than that covered by the contract between the parties, which in this case was the express receipt, and which limited the amount to be recovered in case of loss to $50.

*Messrs. Harley & Blatt,* for appellant, cite: *Presumed that rate is proper and lawful:* 237 U. S. 94. *Bill of lading and filed tariffs conclusive as to damages recoverable:* 227 U. S. 639; 241 U. S. 319; 61 L. Ed. (U. S.) 990; 244 U. S. 58; 96 S. E. 712. *Acceptance of receipt established a prima facie agreement to limit liability:* 100 U. S. 24; 25 Am. St. Rep. 660. *And became binding on plaintiffs* 96 S. E. 713; 242 U. S. 148; 244 U. S. 58. *Presumption that carrier is conducting business lawfully:* 242 U. S. 148. *Shipper should not be allowed the benefit of a lower rate and demand*

*more than the limited damages agreed upon:* 244 U. S. 995.

*Mr. A. H. Ninestein,* for respondent, cites: *Shipper must consent to limited liability:* 86 S. E. 22, 23.   *Question of agency for jury:* 101 S. E. 860.   *Burden on carrier to show assent of shipper to limited liability:* 64 S. E. 385; 53 S. E. 480.   *Difference in the facts of 96 S. E. 712.*

January 31, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for the alleged failure on the part of the defendant, to deliver a certain package of clothing, consigned by the plaintiff from Blackville, S. C., to the Knickerbocker Clothing Company of New York City.

The defendant, by way of defense, relied upon the receipt for the package, as limiting the amount of recovery to $50; the receipt containing this provision:

"In consideration of the rate charged for carrying said property, which is dependent upon the value thereof, and is based upon an agreed valuation of not exceeding fifty dollars, for any shipment of 100 pounds or less and not exceeding fifty cents per pound, actual weight, for any shipment in excess of 100 pounds, unless a greater value is declared at the time of shipment, the shipper agrees that the company shall not be liable in any event, for more than fifty dollars for any shipment of 100 pounds or less, or for more than fifty cents per pound, actual weight, for any shipment weighing more than 100 pounds, unless a greater value is stated herein.   Unless a greater value is declared and stated herein, the shipper agrees that the value of the shipment is as last above set out, and that the liability of the company shall in no event exceed such value."

23—S. C. 115.

The jury rendered a verdict in favor of the plaintiff for $329, and the defendant appealed upon exceptions, which will be reported. The appellant's attorneys state that the exceptions, when taken together, involve a single proposition, to wit: Did the contract between the parties limit the amount to be recovered, in case of loss, to $50?

This Court has just rendered a decision in another case between the same parties, in which it construed the provisions of a similar receipt, and held that the limitation of a recovery to $50, in a case of loss, was binding on the shipper. But that is not the question in the present case. In this case the main question is whether the plaintiff entered into the contract embodied in the receipt. His Honor, the presiding Judge, submitted this question to the jury; and the appellant's attorneys contend that in so doing he committed error. The plaintiff thus testified:

"I am a merchant at Blackville, and in September, 1918, I shipped a package of merchandise to the Knickerbocker Clothing Company. The package was consigned to me at Blackville, S. C., and it was not what I wanted; so I wrapped it up with the same package it came in, and sent it back to the express office, by the driver of the express wagon. * * * $409 was the value marked on the package. I showed this to the boy on the wagon. I did not get a receipt right away, but got it a few days or a few weeks after that. I learned that the package was not delivered, and went to the express company and got a receipt. I asked the agent about the value, and he said: 'I did not know how much it was.' That this receipt was obtained several days afterwards, and I did not sign the receipt. I asked him to put the value on, when he turned the receipt over to me, and he would not do it."

A witness for the defendant testified that the negro who

drove the express wagon around Blackville was an employee of the agent, and not of the express company. The defendant also introduced other testimony contradictory of that in behalf of the plaintiff, which made an issue for the jury.

The case of *Banks v. Express Co.*, 73 S. C. 211, 53 S. E. 166, shows that the testimony introduced by the plaintiff and the defendant made an issuable fact for the jury. It is unnecessary to cite authorities to show that the other facts were properly submitted to the jury.

Affirmed.

MR. JUSTICE GAGE did not participate on account of sickness.