### HIX v. BELTON MILLS.

PLEADINGS—NEGLIGENCE.—A COMPLAINT ALLEGING, that plaintiff was injured by the negligence of defendant while cleaning its windows under orders, by its negligence and carelessness in allowing its window to get out of repair, so that it would not open and shut as it would have done, had it been kept in repair, and by allowing said window to remain in such defective condition and not giving notice to plaintiff thereof, states, in effect, that the window was defective.

Before KLUGH, J., Anderson, February, 1904.   Affirmed.

Action by James Robert Hix against Belton Mills. Defendant appeals from Circuit order refusing motion to require plaintiff to make his complaint more definite and certain.

*Messrs. A. T. Smythe, Tribble & Prince* and *Bonham & Watkins,* for appellant.   The latter cite: *Where defect complained of is not hidden or latent, and plaintiff knows what it is, he should specify:* 45 S. C., 278; 83 Ala., 831; 81 Wis., 356; 60 L. R. A., 630; 65 S. C., 228; 81 Wis., 356.

*Messrs. C. J. Hunt* and *M. F. Ansel,* contra.   The latter cites: *Matter involved has been recently decided:* 66 S. C., 12; 68 S. C., 201.

June 15, 1904.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an appeal from an order refusing a motion to make the complaint definite and certain

18—69

by setting out and specifying the particulars in which the
alleged negligence in the construction and repair of the
window, as set out in paragraphs 3 and 4 of the complaint,
consisted.   Those paragraphs of the complaint are as fol-
lows:

"3.  That on the 27th day of September, 1902, the plain-
tiff received orders from James Grubbs, the boss of the card
room of the said mill, who represented the said defendant
company and had authority over the plaintiff, and whose
orders the plaintiff was required to obey, to wash certain
windows in said card room of said mill; that plaintiff was
ordered to do this work by the agent of the said defendant
company, and in obedience to said orders proceeded to do so;
that said windows were so constructed that they would open
inwardly from the top, but fastened to the other portion of
said window by hinges; that plaintiff was required to use a
stepladder to do this work; that one of the said windows had
been negligently and carelessly allowed to become out of re-
pair and to remain so and was not kept in repair, the same
not opening and shutting as it would have done if it had
been carefully kept in repair; that this plaintiff knew nothing
of this defect in said window, and after having washed one
side of the glass in the said window and in an attempt to
close the window, the same would not close without great
effort on the part of the plaintiff; that in attempting to close
said window and using all the care and prudence he could,
he was thrown from the stepladder on which he was standing
to the floor, some six or eight feet, striking his back against
some machinery, breaking his right leg near the groin, dis-
locating his right hip joint, tearing the ligaments loose which
surround the hip joint and otherwise injuring his back,
inflicting upon him permanent injury.

"4.  That the injury to the plaintiff by being thrown from
the said stepladder was solely due to the negligence and care-
lessness of defendant company, its agents and servants, in
this, that said window had been so negligently allowed to
become out of repair that it would not open and shut easily

upon its hinges; that in allowing said window to be in a condition in which it would not open and shut without an effort, and by further allowing said window to remain in said defective condition, and in not giving notice of the same to the plaintiff when he was ordered to wash said windows as aforesaid."

Our construction of the complaint is that it, in effect, alleges that the window was defective. Having reached this conclusion, the cases of *Bolin* v. *Ry. Co.,* 65 S. C., 222; *Lynch* v. *Spartan Mills,* 66 S. C., 12, 44 S. E., 93; and *Moore* v. *Catawba Power Co.,* 68 S. C., 201, are controlling.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.