## BANKS v. SOUTHERN EXPRESS CO.

1. PRINCIPAL AND AGENT—NONSUIT—NEGLIGENCE—EXPRESS CO.—That A. says he is the agent of an express company, under contract to receive and deliver freight to it; that he ran a wagon which had the name of the express company painted on it; that the express company knew that A. required the services of more than one person; that A. had employed B in conducting such business; that B., on the way to the railroad station to meet an incoming train to receive freight for defandant, driving said wagon, ran over and injured another, is sufficient evidence to submit to jury whether B. was agent of express company in an action against it for damages for injuries to the one so run over by B.

2. CHARGE—REQUEST.—If modification of a request contended for by appellant is substantially covered in general charge, appellant has no ground of complaint.

Before PURDY, J., Kershaw, October, 1904. Affirmed.

Action by Thos. A. Banks against Southern Express Co. From judgment for plaintiff, defendant appeals.

*Messrs. J. T. Hay and M. L. Smith,* for appellant, cite: *If Weeks was an independent contractor, express company*

*is not liable:* 31 S. C., 385; Wood Master and Servant, 573; 20 Ency., 2 ed., 180; 6 M. & W., 510; 8 Cal., 469; Shearman and Redfield Neg., sec. 77; 80 Ill., 186; 25 Fla., 456; 2 Barb., 424; 56 Pa., 159.

*Messrs. B. B. Clarke* and *Kirkland & Moore,* contra, cite: *Agency of Weeks and Rush may be shown by acts and conduct of parties:* 50 S. C., 25; 49 S. C., 345; Wood's Master and Servant, sec. 304, 306; 16 Ency., 191; Story on Agency, sec. 454; 37 S. C., 88; Mechem's Law of Agency, secs. 194, 196, 197; 55 Minn., 446; 52 Cal., 280; 4 Bax., 407; 1 Ency., 2 ed., 980, 981, 1155. *As to independent contractors:* 15 Mont., 582; 16 Ency., 187, 197, 202.

January 30, 1906. The opinion of the Court was delivered by

Mr. Justice Gary. This is an action for damages. The complaint alleges that, at the time hereinafter mentioned, the defendant had an office in the city of Camden, and for the purpose of transacting its business used and operated an express wagon to carry and transfer packages between the depot of the Seaboard Air Line Railway Co. and its said office, and also for the delivery of packages in the city of Camden; that while the plaintiff was driving an ox hitched to a wagon, by the negligence of the defendant, through its agent and servant John Rush, who was in charge of said express wagon, he was run over and permanently injured; that said express wagon was, at the time of the injury, engaged in the ordinary business of the defendant, and was on its way to said depot to meet an incoming train, and there receive such packages as might be in charge of the defendant. The defendant answered, denying generally the allegations of the complaint.

At the close of the plaintiff's testimony, the defendant made a motion for nonsuit, which was refused.

The jury rendered a verdict in favor of the plaintiff, and

the defendant made a motion for a new trial, which was also refused.

The defendant appealed, and the first assignment of error is as follows: "1. In refusing the motion for nonsuit, in this: that the uncontradicted evidence in the case showed that the persons, and the instrumentalities, by whom and by which the alleged injuries were committed, were the servants and the property of Weeks, and not of Southern Express Co.; that Weeks was an independent contractor, and controlled the servants and the horse and wagon, and that Southern Express Co. did not employ or control such servants, horse and wagon; that the evidence offered by the defendant is positive and uncontradicted, and all evidence offered by plaintiff, as to whom the property belonged, and whose servants inflicted the alleged injury, was entirely inferential and stated no fact upon which the verdict of the jury in favor of the plaintiff could be based."

The following principles of law are applicable to the case: "A master is liable for the negligence of his servant engaged in his business, because he selects his servant and controls him. He should not be answerable for acts done by the servant of another, or by that other who is not subject to his control. Therefore, the owner of property fixed or movable, for whose benefit a work about such property is accomplished, is not held answerable for the negligence of an independent contractor, to whom he has committed the work, to be done without his control in its progress." *Conlin* v. *Charleston,* 15 Rich., 201; *Rogers* v. *R. R.,* 31 S. C., 378, 9 S. E., 1059.

"The principal is liable for the negligence of the agent's assistant, whenever he has either expressly or impliedly authorized the employment of the assistant, and the assent of the principal to the employment of the assistant, may be implied from slight circumstances." 1 Enc. of Law, 980.

"Authority is sometimes implied from the very nature of the duties and powers committed to a general agent to em-

ploy sub-agents, and when this is the case, the principal is bound by the acts of the sub-agent." *Id.,* 981.

"Where an agent's authority to employ sub-agents to transact the business of an agency is shown to exist, either expressly or by implication, the torts of such agent will be binding upon the principal under circumstances in which the torts of the agent would be binding." *Id.,* 1155.

"The business of the company was such as necessarily compelled it to rely upon the work of other parties, and this necessity usually and naturally gives rise to the employment of agents. When, therefore, this work is done by others, there is a strong implication that they are the agents of the parties receiving the benefit of their services." *Blackwell* v. *M'tge Co.,* 65 S. C., 105; 43 S. C., 395.

"Agency may be implied when one party accepts the benefits resulting from transactions of another party who ostensibly acted as his agent." *Bates* v. *Am. M. Co.,* 37 S. C., 88, 16 S. E., 883.

"There was also some evidence to the effect that all the engines operated on said line of railroad were marked 'Southern.' This was sufficient to carry the case to the jury, even if it was necessary under the statute to show that the defendant was the actual owner of the engine causing the injury, for a presumption of ownership would arise from such circumstances, in the absence of all evidence to the contrary." *Bush* v. *Ry. Co.,* 63 S. C., 96, 40 S. E., 1029.

The first question that will be considered is whether there was testimony tending to prove that W. J. P. Weeks, who employed John Rush, was the agent of the defendant. Weeks testified that he was the agent of the defendant, and had a contract with it to receive and deliver all its packages in the city of Camden. There was testimony to the effect that the words "Southern Express" were painted upon said wagon; also, that while the defendant had a license to do business in Camden, Weeks did not have a license to run a dray as required by the ordinance of the city. It can not be

said that this testimony did not tend to show that Weeks was the agent of the defendant.

Having reached the conclusion that there was some testimony tending to establish the fact that Weeks was the agent of the defendant, the next question is whether there was any testimony tending to show that John Rush was likewise the agent of the defendant. There was testimony to the effect that the business entrusted to Weeks required the services of more than one person; that the defendant had knowledge of this fact, and that John Rush was employed by Weeks in conducting said business; that the injury was sustained while Rush was in charge of the wagon and on his way to the depot to receive the express packages. Under the foregoing authorities, the question whether Rush was the agent of the defendant was properly submitted to the jury.

The second exception presents substantially the same questions as those just disposed of.

The third exception cannot be sustained, as the qualifications of the request which the appellant contends should have been made was substantially submitted to the jury in the general charge.

The fourth and fifth exceptions were taken under a misapprehension of the facts, as the record shows that the requests were charged by the presiding Judge.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.