### SHAVER v. GRENDEL MILLS.

PLEADINGS.—In complaint here against a corporation for injuries for neg-
ligence, it is not necessary to state name of "boss" in charge of servant
at time; name of other employee assisting injured servant; how
many other employees were due in room at time and absent there-
from, or how many present at the time of the accident.

Before MEMMINGER, J., Greenwood, October, 1905. Af-
firmed.

Action by Charlie Shaver, by guardian, against Grendel Mills on following complaint:

#### COMPLAINT.

"The plaintiff above named, complaining of the defend-
ant, alleges:

"1. That the defendant 'The Grendel Mills' is, and at the times mentioned in this complaint, was, a corporation created by and under the laws of the State of South Carolina, with legal capacity to sue and be sued.

"2. That at the times hereinafter mentioned the defendant was engaged in business of manufacturing cotton cloths in its cotton mill at Greenwood, in the State of South Carolina,

and the said Charlie Shaver was employed by the defendant to sweep the floor in a card room in said mill and was to do this work only, and this was the agreement and understanding between the defendant and the parents of said Charlie Shaver, and the contract in pursuance of which he worked in said mill; but on the 3d day of August, 1905, a servant and agent of the defendant, and at the times mentioned in this complaint the person in charge of said card room as boss, acting in the scope of his duties, negligently and carelessly directed the said Charlie Shaver, 'when you have finished your sweeping, go and help strip the cards;' and the said Charlie Shaver, in obedience to said directions, after finishing the sweeping assigned to him, went to the cards, and at that time there was only one other employee in said room, and he was young, inexperienced and incompetent, as the defendant then and there well knew; and the defendant, and its agents and servants, acting in the scope of their duties, negligently and carelessly directed and required the said Charlie Shaver, then under the age of twelve years and inexperienced, and not able without danger to himself to do said work, as the defendant knew, to help and assist the said other inexperienced and incompetent agent, servant and employee of defendant to strip the cards in said room—a number of defendant's employees due in said room having been absent on said occasion, thereby rendering the help therein insufficient to carry on the usual work performed in said room; hence, the said Charlie Shaver and the said other employee undertook to strip the cards as directed, as aforesaid—the other employee pulled back the cylinder door, Charlie Shaver aforesaid pulled off the belt that runs the cards, which, however, continued to run (after said belt is off the cards always run a few minutes), and the said Charlie Shaver then attempted to put on the comb belt, which must be put on while said belt that runs the cards is moving, and is right near the cards, which contain sharp metal teeth; and the said Charlie Shaver was not furnished sufficient help to do this work, and being inadequate therefor himself, as

he stood straining himself to put on the comb belt, which was too tight, and was used to turn and revolve the comb pulley, which comb strips the cards of particles of cotton stuck therein, said Charlie Shaver, being a small, weak boy, his right hand was in some way caught in the cards, and the said sharp metal teeth bit, ground, cut, lacerated and mangled a part of his right hand; and in order to save the rest of his hand and his life, it was necessary to amputate his index and middle fingers of the right hand, and a part of his right hand; and his other fingers on said hand and the rest of the right hand were badly lacerated and injured, and thereby the said Charlie Shaver fainted, was made very sick, suffered great bodily pain and mental anguish, his nervous system was shocked and deranged, he is permanently injured for life, his person is disfigured, and his capacity to earn money is impaired for the rest of his life.

"3. That the said injuries were caused to the said Charlie Shaver by the negligence, carelessness and default of the defendant in—a, directing the said Charlie Shaver to do work that his parents had not agreed that he should do; b, directing said Charlie Shaver to do dangerous work, knowing him to be without skill and experience in that particular work; c, failing to furnish the said Charlie Shaver with sufficient help to do the work required of him; d, failing to furnish competent co-servants to work with him; e, leaving Charlie Shaver in said room where there was dangerous machinery with an incompetent servant of the defendant, when the defendant knew that from the tender age, inexperience and lack of knowledge of said dangerous machinery by plaintiff, and lack of intelligence on the part of said Charlie Shaver, he was incapacitated to take care of himself under the circumstances; f, failing to have the comb belt properly adjusted so as not to be and run too tight on the pulley and not to be too hard to pull on; g, failing to have a screen or some protection between the comb belt and the card teeth aforesaid, so that a person pulling on said comb belt would not get his hand caught in the teeth of said cards; and by

reason of all and each of said negligent and careless acts of the defendant as aforesaid, the said Charlie Shaver was wounded, injured and made sick as aforesaid.

"4. That the injuries aforesaid to the plaintiff were caused by the negligence, default and carelessness of the defendant in the manner before mentioned, to the damage of the plaintiff in the sum of $10,000.

"5. That Ida Shaver was duly appointed guardian *ad litem* for the plaintiff, Charlie Shaver, by T. C. Turner, clerk of the Court of Greenwood County, said State, on the 29th day of August, A. D. 1905, and as such guardian *ad litem* authorized to institute this action.

"Wherefore, the plaintiff demands judgment against the defendant for $10,000 and the costs of this action."

### NOTICE OF MOTION.

Motion to make complaint more definite and certain in the following particulars:

"1st. To give the full name and position of the servant or agent of the defendant mentioned in the ninth line of the second paragraph of the said complaint, including the ninth, tenth, eleventh and twelfth lines of the said second paragraph of the said complaint, as being in charge of said card room as boss, and negligently and carelessly giving directions to the said Charlie Shaver to help strip the cards when he had finished his sweeping.

"2d. To give the name and position of the only other employee in the said card room at the time of the accident referred to and mentioned in the sixteenth line of the said paragraph as being the employee who undertook to help and assist the said Charlie Shaver in attempting to strip the said cards in said room.

"3d. By stating how many of the defendant's employees were due in the said room and how many were absent at the time of the accident, as referred to in the twenty-sixth line of the said paragraph, and how many employees should have been in the said room.

28—74

"4th. By striking out entirely subdivision 'e' of paragraph three of the said complaint as indefinite and uncertain, or failing therein, to make the same definite and certain by inserting allegations sufficient to constitute a cause of action.

"5th. To make more definite and certain the allegations contained in subdivision in paragraph three of the said complaint by alleging fully in what way the comb belt referred to was not properly adjusted and in what the said defective adjustment consisted.

"Please also take notice that at the same time and place we shall move his Honor, the presiding Judge above named, for leave to file answer within a reasonable time after the decision of the Court on this motion."

### ORDER.

"Motion to make complaint more definite and certain and-so-forth, heard upon notice at Greenwood.

"That part of the motion which seeks to require plaintiff to allege names cannot be granted, because of the decision in the case of *Bolin* v. *Southern Railway Co.,* 65 S. C., 222, which distinctly holds adversely to defendant's position here.

"That portion which seeks to confine the defects in the management of the belting to the defect alleged of being too light (as alleged in subdivision 'f' of paragraph 3), is conceded by plaintiff's attorneys, it being admitted that no other defect than that specifically alleged therein was contemplated or would be argued upon the hearing.

"So far as the other objections to the complaint set forth in the motion papers are concerned, I cannot sustain them. While, in my opinion, the complaint is unnecessarily diffuse, it, nevertheless, clearly comes within that admirable definition of a proper pleading given by Chief Justice Pope, in the case of *Dupree* v. *the Railway Company,* 66 S. C., 124, to wit: A connected history of the plaintiff's wrongs.

"Finally, I do not think that the points made by the motion, under the decision of our Supreme Court, along these lines, are well taken, or any of them.

"The motion is refused and not granted. Let the defendant have ten days from the filing of this order in which to answer the said complaint. And it is so ordered."

The defendant appeals on the following grounds:

"1. Because his Honor, Judge Memminger, erred in refusing to require the plaintiff to give the full name and position of the servant or agent of the defendant as being in charge of the card room as boss, and negligently and carelessly giving directions to the said Charlie Shaver to help strip the cards, the error being:

"a—The complaint in this action charges the defendant with negligence in failing to employ proper co-servants, and charges that the alleged servant, whose name is not given, as being incompetent, and without the name of the said servant it is impossible for defendant to answer this allegation.

"b—Where numbers are employed and one of the number is charged with being incompetent, and the master is charged with negligence in so employing the said servant, in order to answer a complaint containing such allegations, it is absolutely essential that the name of the servant be given, in order that defendant may meet the allegation thus made, and without the name of the servant in such a case it is an impossibility to intelligently answer such an allegation; the negligence alleged, being with reference to a certain party whose name is not given, and nothing appearing in the complaint whereby it could be fixed by the master, or whereby he could determine who was intended to answer this charge of incompetency.

"2. His Honor erred in refusing to require plaintiff to give the name and position of the only other employee in the card room at the time of the accident, the error being:

"a—The defendant is charged with negligence in employing incompetent co-servants, and this allegation is broad enough to refer to the said other employee as well as to the alleged party in charge as card room boss, and without the name of such party it is impossible to answer this allegation.

"b—Where numbers are employed and a servant is charged with being incompetent, and the master with negligence in employing him on account of said incompetency, the name of the servant should be given in the complaint as one of the material essential elements of the cause of action.

"c—The complaint shows and charges that a number of servants were due in this said card room and that many were absent, and shows on its face, therefore, that unless the master has some means of knowing the name of the party in said card room alleged to be incompetent, it is impossible to answer this allegation of the complaint, and the complaint furnishes no means whatever whereby the master can determine who was in the room at the time of said accident, and no means whereby it can be ascertained who is the party intended thus to be charged.

"3. Because his Honor erred in refusing the motion to require plaintiff to state how many employees were due in the said card room and how many were absent at the time of the accident referred to, the error being:

"a—There can be no negligence without a violation of some duty, and the complaint does not state what is a sufficient number to carry on the work in said room.

"b—It does not charge that the usual number in the said room were required there, and does not charge that a less number would be an insufficient number.

"c—It does not charge how many were required in the exercise of ordinary care to operate the machinery in said room, and in this particular is indefinite and uncertain, and fails on account thereof to charge defendant with the violation of any duty as required by good pleading, and is so indefinite as to be difficult to answer in an intelligent way.

"4. Because his Honor erred in not striking out subdivision of paargraph 3 of said complaint, as being indefinite and uncertain, or failing in this, to require the same to be made more definite and certain by inserting allegations sufficient to constitute a cause of action; the error being:

"a—It is not alleged in the complaint that there is any duty placed on defendant to take care of the said Charlie Shaver, and without this allegation subdivision 'e' fails to charge defendant with a violation of any duty due and owing the said Charlie Shaver.

"b—It is not charged in said subdivision 'e' that the said Charlie Shaver was intrusted to the care and custody of defendant, or defendant owed any general duty to him in this behalf, and the said subdivision, therefore, is too indefinite to be answered.

"c—It is not charged in said subdivision that any injury resulted to him from being left in the said room, and is not charged that the defendant owed him the duty of seeing that he was not left in this or any other room.

"5. It is respectfully submitted that his Honor further erred in his construction and application of the case of *Bolin* v. *Southern Railway;* the error being:

"a—From the order of his Honor it appears that had his Honor taken a different view of the decision in said case, he would have granted the relief asked for here; and it is submitted that the said case, instead of being in conflict with the position here contended for by the defendant, clearly establishes the right of defendant to the relief asked.

"b—It shows that his Honor based his order on legal grounds and was governed by his construction and interpretation of the said Bolin case, *supra,* which, it is submitted, his Honor misapplied to the complaint under an erroneous interpretation of the doctrine established by the said case."

*Messrs. Sheppards, Grier & Park, Smythe, Lee & Frost,* for appellant, cite: *Relief is by motion:* Pom. Code Rem., 3 ed., sec. 549. *What complaint should contain:* 50 S. C., 67; 65 S. C., 228. *Right to answer after decision of motion:* Code of Proc., 181; Rules C. C., 20; 53 S. C., 582; 60 S. C., 370; 71 S. C., 341; 73 S. C., 208.

*Messrs. Thurmond & Turner* and *Jas. H. Tillman,* contra,

cite: *Facts required to be alleged:* 65 S. C., 222; 37 Minn., 358; 27 Neb., 380.

June 27, 1906.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an appeal from an order refusing to make the complaint definite and certain.

The complaint, the notice of motion, the order refusing the motion, and the exceptions will be set out in the report of the case.

This Court is satisfied that the exceptions should be overruled for the reasons assigned by his Honor, the Circuit Judge, in the order refusing said motion.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.

MR. JUSTICE JONES, *concurring.*   While concurring in the result, I do not wish to be understood as indorsing the language in *Dupre* v. *Southern Ry.,* 66 S. C., 124, 134, 44 S. E., 580, that it is proper to state in a complaint "anything that is connected with the events which constitute the plaintiff's story of his wrongs," "a connected history of plaintiff's wrongs."   Proper pleading requires a concise statement of the ultimate facts constituting the plaintiff's cause of action.

MR. JUSTICE WOODS *concurs in the result and in the separate opinion of* MR. JUSTICE JONES.