8481

### THOMAS v. ATKINSON.

1. PERSONAL PROPERTY—TITLE.—WHERE CHECKS payable to A are delivered to B for him, B may maintain an action against A for their possession although he had no knowledge of the transaction leading up to the delivery, notwithstanding B had redelivered the checks to the drawer under agreement between him and the drawer after the first delivery.

2. ON APPEAL from magistrate court this Court will not consider a point not shown by the record to have been made in the Court below.

3. INSURANCE.—That one acting as soliciting agent had no authority to solicit insurance is a matter of affirmative defense and must be pleaded.

Before GAGE, J., Richland, October, 1912.    Affirmed.

Action by H. G. Thomas against Christopher Atkinson in court of magistrate James H. Fowles, Jr.    Defendant appeals.

*Messrs. Clark & Clark* and *J. C. Townsend,* for appellant.    *Mr. Townsend* cites: *Defendant not being in possession of checks at time of suit and not having wrongfully parted with them is not liable:* 42 S. C. 35; 80 Am. St. R. 736.    *Question of title to checks is not involved here:* 60 S. C. 108; 23 N. Y. 264.    *Plaintiff having no license to solicit should not recover:* 20 S. C. 437.    *Verdict should be in alternative:* 20 S. C. 11; 18 S. C. 386.

*Messrs. Rembert & Monteith,* contra, cite: *One may maintain a suit on a contract made for his benefit:* 2 Bail. 55; 1 Dud. 332; 1 Rich. 268; 3 Strob. 196; 61 L. R. A. 509; 1 Rich L. 268; 5 A. & E. Ann. Cas. 435.    *Atkinson held the checks as trustee:* 61 L. R. A. 509; 5 A. & E. Ann. Cas. 435.

March 21, 1913.    The opinion of the Court was delivered by

Mr. Justice Hydrick. The plaintiff, an insurance agent, solicited the defendant for a policy, which was procured in a company represented by plaintiff, but defendant declined to take the policy, because he was not satisfied with the premium. Defendant afterwards applied to Mr. R. J. Blalock, the general agent of another company, and took a policy in his company, he agreeing, at defendant's request, that plaintiff should have the agent's commissions. In pursuance of this agreement, Blalock sent defendant two checks, payable to plaintiff's order, one for $45, the other for $55.65. Defendant notified plaintiff of the receipt of the checks, but stated that he would expect him to endorse the one for $45 to the Columbia Supply Co., of which defendant was manager, in settlement of an account which plaintiff owed the company. Defendant also requested plaintiff, as a favor, to exchange his telephone number, 140, for the Columbia Supply Company's number, 123, in order that the company might have the advantage of having consecutive numbers, and, upon plaintiff's declining to comply with this request, defendant refused to deliver the checks to him.

After refusal of several demands by plaintiff upon him for the checks, defendant returned them to Mr. Blalock. This action was brought to recover the checks, or the value thereof, and, from judgment in favor of plaintiff, defendant appealed.

There is no doubt of plaintiff's right to recover, when Blalock delivered the checks to defendant for plaintiff, the title to them passed to plaintiff, and, even though he was ignorant of the transaction, his right and title became fixed and absolute and could not thereafter be affected by the defendant or by Blalock or by any agreement between them. The principles which control the decision have been announced so often, that we need only refer to the cases.

In *Duncan* v. *Moon,* Dud. 333, the Court said: "Generally it may be laid down as a rule, that one for whose

benefit a contract is made, may maintain an action upon it. As in the familiar case where A pays money to B for the use of C,—there C may maintain an action against B, although he may have been at the time of the transaction ignorant of the whole matter."

In *Thompson* v. *Gordon,* 3 Strob. 199, it was said: "A gift executed by delivery, cannot be revoked either in part or entirely. By the delivery of a chattel to one as a gift to another, the title of the donor is transferred to the donee, when the latter assents to the gift."

Appellant contends that plaintiff was not entitled to recover on the further ground that it appears that he was not the agent of the company which issued the policy, and because it does not appear that the insurance laws of the State were complied with, in that it does not appear that plaintiff had obtained a license, as an insurance agent, as required by section 2704, Civil Code, 1912, before he could lawfully transact business as such; or that he had been appointed the agent of the company represented by Mr. Blalock, and that the insurance commissioner had been notified of his appointment, as required by section 2710, Civil Code, 1912, before he could lawfully do business as such agent.

There is nothing in the record upon which this contention can be based, except the argument of appellant's attorney. It does not appear that any such contention was made either in the magistrate's court, which was the court of original jurisdiction, or, on appeal, in the Circuit Court. Therefore, that ground of defense cannot be considered by this Court; for we have held too often to require citation of the cases, that we cannot consider any point, which is made for the first time in this Court, except questions as to jurisdiction, and, further, that the record on appeal to this Court must show that the questions raised by the exceptions were presented to or considered by the Circuit Court. *Stanford* v. *Cudd,* 93 S. C. 367.

So far as the record in this case shows anything at all upon this issue, it shows affirmatively that no such question was raised in the magistrate's court, for it shows that defendant's answer was: "A general denial, and alleges that defendant is not in possession of the checks, and is under no obligation for the amount thereof, or for any amount." Nor is there any evidence that plaintiff is not a regularly licensed agent. Nor does any exception on appeal to the Circuit Court raise this question. Therefore, we must assume that the question was raised for the first time in this Court; and counsel for respondent say, in their argument, that such is the fact.

But aside from this, it is matter of defense and cannot avail defendant, without having been pleaded. In *Herlock* v. *Riser,* 1 McC. 481, the syllabus reads: "Where the plaintiff was a shopkeeper, and sued defendant on an open account, most of the items of which were for *spirituous liquors,* he may nevertheless recover his account, and his books are admissible to prove it. Nor is he bound to prove that he had a license to retail spirituous liquors." The same point was ruled in a suit on a note given to a physician, in settlement of account for his services (*Barton* v. *Sutherland,* 5 Rich. 57), and in a suit on a physician's account. *Crane* v. *McLaw,* 12 Rich. 129. The opinion in *McConnell* v. *Kitchens,* 20 S. C. 430, relied upon by appellant's attorney, shows that the defense was set up in the answer in that case.

Affirmed.