CALDWELL *ET AL.* v. CARROLL *ET AL.*, CALDWELL v. SAME
(Two Cases) McMILLAN v. SAME

(187 S. E., 444)

1. APPEAL AND ERROR—ORDER REFUSING MOTION TO MAKE MORE DEFINITE AND CERTAIN IS NOT APPEALABLE.—Order refusing motion to make complaint more definite and certain is not appealable.

2  HIGHWAYS—CONTRACTOR AND COUNTY ARE BOTH LIABLE FOR NEGLI-
   GENT ACTS OF CONTRACTOR OR EMPLOYEES IN WORKING COUNTY
   ROAD.—Both contractor and county are liable for negligent acts of
   contractor or employees in working county roads in accordance
   with contract with county therefor and are liable to respond in
   damages for loss sustained.

3  PLEADING—SURETY'S LIABILITY IS MATTER OF DEFENSE WHICH CAN-
   NOT BE DETERMINED BY DEMURRER.—Liability of surety company·
   under bond is a matter of defense which cannot be determined by
   demurrer interposed to complaint.

Before WILSON, J., Colleton, October, 1925.   Affirmed.

Separate actions by Susan Caldwell and another, by
Susan A. Caldwell, by W. D. Caldwell, and by Elizabeth
E. McMillan, against J. L. Carroll and others.   From an
order overruling demurrers and motions to make complaint
more definite and certain, defendants in each case appeal.
Affirmed.

MOTION OF J. L. CARROLL TO HAVE THE COMPLAINT MADE
MORE DEFINITE AND CERTAIN

(1) By stating in what respect the surety, the American
Surety Company, is liable upon the bond written for him
by the said surety company, and by setting out in the
complaint so much of the said bond as provides liability
against the surety company for damages for the tort alleged
in the complaint.

(2) By stating the names of the agents of the defend-
ant J. L. Carroll who committed the alleged tort.

(3) By stating in what manner the fire got out or away
from the agents of the defendant J. L. Carroll, and what
said agents were doing at the time the alleged tort was
committed.

(4) By stating in what manner the defendant county of
Colleton could be made a party and held liable for such tort
as is alleged in the complaint in the absence of a statute
creating such liability.

MOTION OF AMERICAN SURETY COMPANY TO MAKE COM-
PLAINT MORE DEFINITE AND CERTAIN

1. By alleging the names of the agents and servants of
the defendants Colleton County and J. L. Carroll, or either
of them, who set out the fire and committed the acts al-
leged in the third paragraph of the complaint.

2. By alleging in what manner the fire was set out or
put out, and for what purpose it was put out by either the
agents and servants of Colleton County, or J. L. Carroll;
and whether it was a necessary part of constructing the
road that the fire should be set out, and in what particulars
such necessity existed.

3. By alleging the connection or relationship between the
defendants Colleton County and J. L. Carroll, and whether
the road was being constructed by them jointly, or by
Colleton County, or by J. L. Carroll; and also what con-
nection Colleton County had with the construction of the
road that would bring it under any legal liability for the
acts and things alleged in the complaint as constituting the
cause of action of plaintiff.

4. By alleging in what particular the defendant American
Surety Company is liable to plaintiff for the alleged negli-
gent acts of the defendants Colleton County and J. L.
Carroll, through their agents and servants, on account of
the bond it issued as surety for the defendant J. L. Car-
roll; and in what particulars the said acts of negligence
constituted a liability against the defendant American
Surety Company, under its said bond; and by setting out
in the complaint such provisions of the said bond under
which it is claimed liability thereunder on account of the
acts of negligence alleged in the complaint.

MOTION OF COLLETON COUNTY TO MAKE COMPLAINT
MORE DEFINITE AND CERTAIN

(a) Whether or not the defendant J. L. Carroll was an
agent or servant or officer of Colleton County, or whether

or not he was a contractor in the building of the road referred to in the complaint.

(b) That if the said J. L. Carroll was a contractor, to allege under. what terms and conditions he contracted for the building of the said road, and what officers of Colleton County entered into such a contract in behalf of Colleton County, with him.

(c) By more particularly designating the public road referred to in the complaint by stating at what point on the Bamberg County line said road terminated and whether or not the said road was one of the highways designated in the act of the General Assembly of South Carolina, known as the Pay-As-You-Go Act, appearing in the Acts of 1924, at p. 1199..

(d) By alleging specifically what officers, agents, or servants of the defendant Colleton County set out the said fire or negligently allowed the same to be put out along the right of way of the said road.

(e) By alleging specifically whether or not the defendants Colleton County, through its officers, servants, or agents, set out the fire, or whether they allowed the said fire to be put out along the right of way of the said road. In other words, to elect and allege one or the other of these charges, but not both.

(f) By specifically alleging with particularity the acts of the defendant Colleton County out of which the said alleged negligence, willfulness, wantonness, carelessness, and recklessness arose.

That the said motion will be based upon the complaint in this action.

### DEMURRER OF J. L. CARROLL

(1) Because it is apparent upon the face of the complaint that the defendant county of Colleton could not be held liable as a party defendant in this action for such a tort as is alleged in the complaint, in the absence of a legislative enactment expressly creating such liability and allowing a recovery

therefor; so that the defendant county of Colleton should be dismissed from the summons and complaint.

(2) Because on the face of the complaint it does not appear that the defendant American Surety Company would be liable under the law for such a tort as is stated in the complaint, or for any tort arising out of the transaction referred to in the complaint, in so much as a surety company, under the law, is not liable for any tort committed by its principal in the absence of a specific provision in such bond therefor, and no such provision is alleged in the complaint.

So that such complaint, in respect to the defendants the county of Colleton and the American Surety Company, does not state facts sufficient to constitute a cause of action in respect to either of them; and, besides, there is a misjoinder of parties apparent on the face of the complaint; so that the defendants American Surety Company and the county of Colleton should be dismissed from the summons and complaint.

### DEMURRER OF AMERICAN SURETY COMPANY

(1) That the complaint does not state facts sufficient to constitute a cause of action against either of the defendants American Surety Company and county of Colleton, and that on the face of the complaint there is a misjoinder of parties, and the complaint against the defendants American Surety Company and county of Colleton should be dismissed.

(2) Because the county of Colleton cannot be held liable under the allegations of the complaint for the acts of negligence and the results therefrom alleged in the complaint, because there is no statutory provision creating such liability as to permit a recovery therefor, and the complaint should be dismissed as to such defendant.

(3) Because under the facts alleged in the complaint it does not appear that the defendant American Surety Company could be liable for the acts of negligence and the results therefrom as alleged in the complaint, or for any

damages arising from the matters and things alleged in the complaint; and it does not appear on the face of the complaint that said defendant became liable under its bond for any tort committed by the defendant J. L. Carroll, or his agents and servants, or that said acts arose by reason of the construction of the road or were a necessary part thereof.

## DEMURRER OF COLLETON COUNTY

(a) In that it does not appear upon the face of the complaint that the plaintiffs received bodily injury or damage in their person or property through a defect or negligent repair of a causeway or bridge, or any ferry operated by the county.

(b) In that it does not appear that the plaintiffs received any bodily injury or damage in their person or property through a defect or negligent repair of a highway.

(c) In that there is no statute imposing any liability upon the defendant Colleton County under the facts alleged in the complaint.

(d) In that the complaint shows upon its face that the injuries complained of were not received while the plaintiffs were traveling or otherwise using the said public road.

(e) In that it is not alleged in the complaint that the said public road was a highway.

(f) In that the complaint shows upon its face that the said public road was being constructed, and was not being repaired, and it fails to allege any defect in the said public road or any negligent repair thereof.

## ORDER OVERRULING MOTIONS AND DEMURRERS

By consent of all parties to the above-entitled causes, the four notices to make the several complaints more definite and certain, served by each of the defendants herein, and the four demurrers interposed to the several complaints in the several causes by each of the defendants herein, were heard before me at Orangeburg, S. C., on October 8, 1925.

Counsel for the several parties vigorously argued these

matters before me, and I have given the motions and demurrers the most careful consideration.

I am satisfied that the several motions in these causes to make the complaints more definite and certain should be overruled. The Code provision is to the effect that the Court may require a pleading to be made more definite and certain by amendment if the allegations of the pleadings are so indefinite or uncertain that the precise nature of the charge is not apparent. However, a careful examination of the allegations contained in the several complaints in the above causes will show that they are neither indefinite nor uncertain, and the facts alleged are so stated as to leave no doubt in the mind of any reasonable person what the precise nature of the charge is.

The four demurrers interposed in these actions, among other things, raises the issue that the allegations of the complaint do not come within the provisions of that section of the Code known as Section 2948, found in Volume 3, Code 1922, providing for the recovery of damages against counties for defects, etc. This section, which was read to me in argument, is as follows:

"Any person who shall receive bodily injury or damage in his person or property through a defect or in the negligent repair of a causeway, or bridge, or of any ferry operated by the county, may recover in an action against the county the amount of actual damage sustained by him by reason thereof: Provided such person has not in any way brought about such injury or damage by his own act or negligently contributed thereto. If such defect in any road, causeway or bridge, or in any ferry operated as aforesaid, existed before such injury or damage occurred, such damage shall not be recovered by the person so injured if his load exceeded the ordinary weight; provided, further, that such county shall not be liable unless such defect was occasioned by its neglect or mismanagement; provided, further, that if in any case brought under this section it is

made to appear that before the damage occurred the supervisor or other officer or offices of such county, who is or are thereunto charged by law, had been notified in writing by any citizen that the highway, causeway or bridge, or ferry operated as aforesaid, at or on which the damage occurred, was defective, or needed repair, the burden of proof as to the negligence of county officials shall be upon the county to show, either that such defect did not in fact exist, or that it had been properly repaired, or that a reasonable time had not elapsed since such notice within which to make such repairs."

I am satisfied that there is no merit in any of the grounds set forth in the several demurrers. The complaint in each of these causes not only sets forth a good cause of action, coming within the provisions of Section 94, *supra*, but also alleges a good cause of action in accordance with principals announced by the Supreme Court in the following cases: *School District No. 19, of Marion County v. Marion County*, 103 S. E., 767. *Faust v. Richland County*, 109 S. E., 151, and subsequent cases announcing the same principles.

It is therefore ordered, adjudged, and decreed that the motion in each of the above cases to make the complaint more definite and certain, and the demurrer interposed by the several defendants, in each case be, and the same hereby are, overruled.

It is further ordered that the defendants American Surety Company, J. L. Carroll and Colleton County be, and they hereby are, given 20 days from the date of this order within which to file answers to the complaints herein.

*Messrs. Wolfe & Berry,* and *Lide & Felder,* for appellants, cite: *Statutory authority necessary to sue county:* Civ. Code, 1922, Sec. 2948. *Cases distinguished:* 77 S. C., 251; 114 S. C., 382.

*Mr. J. M. Moorer,* also for appellants, cites: *Liability for defects in highway:* Amendment to Sec. 2948 Civ. Code,

24 Stat., 287.  *Not liable for nonfeasance or misfeasance of officers except by statute:* 20 S. C., 213; 117 S. C., 269. *Statute strictly construed:* 96 S. C., 313; Id., 498; 75 S. C., 560; 27 S. C., 419; 100 S. C., 304.  *Who may recover:* 43 S. C., 298; 127 S. C., 251; 134 S. C., 398; 135 S. C., 337; 114 S. C., 382.  *Sustained on wrong grounds:* 117. S. C., 261; 77 S. C., 281; 111 S. C., 7.  *Recovery where no just compensation:* 89 S. C., 511.  *"Public use:"* 71 S. C., 485.  *Extent of damages:* 20 C. J., 778; 156 S. W., 1060; 143 S. W., 372; 42 Trans., 538; 145 Pac., 411.

*Messrs. R. M. Jefferies,* and *Howell & Fishburne,* for respondents, cite: *"Sufficiency of complaint":* 81 S. C., 354; 132 S. E., 172.  Within Sec. 2948 Civ. Code, 1922: 77 S. C., 281; 103 S. E., 767; 83 S. C., 506.  *Recovery where no just compensation:* 77 S. C., 281; 109 S. E., 151; 114 S. E., 857; 122 S. E., 403; 123 S. E., 100; 132 S. E., 590; 221 U. S., 636.

March 10, 1927.  On petition for rehearing April 7, 1927.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge Wilson overruling demurrers and motions to make the complaints more definite and certain.  His order will be reported; it states the matters passed on by him.  The order refusing motions to make more definite and certain is not appealable.  The complaints state a good cause of action against all of the appellants.

The demurrers admit all the facts as stated in the complaints; and in addition to the authorities cited by his Honor, the following sustain his order: *Derrick v. City of Columbia,* 122 S. C., 29; 114 S. E., 857.  *McNinch v. City of Columbia,* 128 S. C., 54; 122 S. E., 403.  *Kneece v. City of Columbia,* 128 S. C., 375; 123 S. E., 100.  *Wilson v. City of Laurens,* 134 S. C., 271; 132 S. E., 590.

If the fire was the result of the negligent act of Carroll or the hands employed by him in working the roads of Colleton County, under contract between Carroll and Colleton County, acting in the scope of their authority and employment, then both Carroll and Colleton County would be liable to respond in damages for the loss sustained by the respondents by the negligent or willful and wanton acts of Carroll or the hands employed by him, under his control and supervision acting in the scope of his authority. As to the bond of the American Surety Company of New York: At the trial the bond will show for itself what the surety company became liable for; that is a matter of defense by the surety company and cannot be determined by the demurrer interposed by them.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES BLEASE and STABLER and MR. ACTING ASSOCIATE JUSTICE RAMAGE concur.

MR. JUSTICE COTHRAN (dissenting). This is an appeal from an order of his Honor, Judge Wilson, overruling separate demurrers interposed by the defendants in the four cases above entitled, and refusing motions by them to require the complaints to be made more definite and certain.

The four cases named are identical in character. It will be convenient therefore to consider the case first stated, *Susan A. Caldwell et al. v. J. L. Carroll et al.,* the result of such consideration being made applicable to each of the other three cases.

It is alleged in the complaint substantially as follows: That on August 21, 1925, the defendants Carroll and Colleton County were engaged in constructing a road within the County, leading from Bells to the Bamberg County line, a public road of Colleton County, directly under the control of the County; that on or about said date "the defendants Colleton County and J. L. Carroll, their agents and servants, carelessly, recklessly, negligently, willfully, and

wantonly set out fire, or negligently allowed fire to put out (set out?) along the right of way of the above described road, which fire spread from the point of its origin in or near the right of way of the said public road, to the tract of land above described, completely destroying upon said tract of land the following improvements, to wit (itemizing the damage to dwelling house, outhouses, and other property, to the extent of $13,100); that the defendant American Surety Company is surety for the defendant Carroll for any and all claims arising by reason of the construction of the road referred to.

The defendants severally moved for an order requiring the plaintiffs to make the complaint more definite and certain in the particulars stated, and in like manner demurred to the complaint upon certain stated grounds. The motions and demurrers were heard by his Honor, Judge Wilson, who in an order refused the motions and overruled the demurrers. From this order the defendants have appealed.

It will be necessary to consider the motions and the demurrers separately, and severally as made by the respective defendants.

In the opinion of Mr. Justice Watts it is declared that "The order refusing motion to make (the complaint) more definite and certain is not appealable," and for this reason the appeal from the order relating to this matter is summarily dismissed.

As a general rule, orders of this nature are not appealable; but there are exceptions to the general rule, as the Court in *Pendleton v. R. Co.,* 132 S. C., 507; 128 S. E., 711, thus declares:

"It has been uniformly held that such an order is not appealable before final judgment [citing cases]. * * * " unless the order involves the merits, as was held in [citing cases]. * * * "

It is significant that the cases of *Bolin v. R. Co.,* 65 S.

C., 222; 43 S. E., 665; *Hix v. Belton Mills,* 69 S. C., 273; 48 S. E., 96; *Shaver v. Grendel Mills,* 74 S. C., 430; 54 S. E., 610; and *Cooper v. R. Co.,* 78 S. C., 562; 59 S. E., 704, all involved appeals from orders refusing to require the complaints to be made more definite and certain. No question appears to have been made as to the appealableness of the orders. 'The Court appears to have assumed that the matters involved were upon the merits and the order therefore appealable. So that in passing upon the appealableness of the order refusing the motions of the several defendants, it is essential that the question whether the grounds of the motion involve the merits be considered.

Taking up, then, the separate motions of the several defendants:

1. The motion of the defendant Carroll for an order requiring the plaintiffs to make the complaint more definite and certain.

The first and fourth grounds of the motion affect the liability of the American Surety Company and of the County of Colleton, matters with which the defendant Carroll is not concerned.

The second ground is that the names of the agents of the defendant Carroll who committed the alleged tort should be stated. The issue is decided against the contention of the appellant in the case of *Bolin v. R. Co.,* 65 S. C., 222; 43 S. E., 665, syllabus of which is as follows:

"An allegation that defendants' agents and servants did an act is not amendable to motion to make more definite and certain by alleging the names of the agents and servants."

See, also, *Shaver v. Grendel Mills,* 74 S. C., 430; 54 S. E., 610.

The third ground is that the complaint should state in what manner the fire got out or away from the agents of the defendant and what they were doing at the time the alleged tort was committed.

In the case of *Blakely v. Frazier,* 11 S. C., 122, quoted with approval in *Lynch v. Spartan Mills,* 66 S. C., 12; 44 S. E., 93, the Court defining the phrase "involving the merits," said:

"The word 'merits' naturally bears the sense of including all that the party may claim of right in reference to his case."

In view of the alternative statement in the complaint that the agents and servants of Carroll negligently, etc., set out fire or negligently allowed fire to be put out, along the right of way of the highway, I think that the defendant had the right, as necessary to the preparation of his defense, to know the circumstances upon which the plaintiffs relied to fix liability upon him.

In the *Pendleton case* the Court said:

"It is conceivable that a case might be presented in which the order refusing the motion to make more definite and certain might be immediately appealable, for instance, where the complaint makes a general charge of negligence, and the defendant moves to have the complaint made more definite and certain, by alleging the particular acts of negligence relied upon; for, in the absence of such motion, the which the defendant may not be prepared to defend."

2. The motion of the defendant American Surety Company for an order requiring the plaintiffs to make the complaint more definite and certain.

The first ground of the motion is practically the same as the second ground of the defendant Carroll's motion and should be dismissed for the same reason as that ground should be.

The second ground is practically the same as the fourth ground of the defendant Carroll's motion, and should be sustained for the same reason as that ground should be.

The third ground is of no importance to the American

Surety Company in the preparation of its defense. The allegation of the complaint is that of a joint tort by Carroll and Colleton County. It may be that that is true; or that as an independent contractor Carroll is responsible and the County not; or that for other reasons Carroll alone is responsible. In any event, if the American Surety Company is a surety for Carroll in all matters connected with his construction of the highway, the relation of Carroll to the County is a matter of no consequence to it.

The fourth ground complains of omissions of the facts which would esablish liability upon the American Surety Company for the delicts of Carroll. I think that there is very great merit in the contention of the surety company as to this ground. All that the complaint alleges is that the company "is surety for the defendant J. L. Carroll for any and all claims arising by reason of the construction of the roads hereinafter referred to." The execution of a bond is not alleged, and what is alleged is nothing more than a legal conclusion from undisclosed facts. If the action had been against the surety company alone, it would have been in order to allege that on a certain day the surety company gave a bond to Colleton County, underwriting the obligations of Carroll under the contract entered into between them with a description, at least, of the bond and of the contract; and a statement of the particulars in which Carroll had defaulted in his contract. It seems to me that in the preparation of its defense the surety company is entitled to know upon what obligation the plaintiff is suing; what the terms of that obligation are; the contract between Carroll and the County; the particulars in which it is claimed that Carroll has breached his contract; the grounds upon which the plaintiffs claim to hold the surety company for such breaches—in other words, as full a statement of their cause of action as if they had brought suit against the surety company alone.

3. The motion of the defendant Colleton County, for an order requiring the plaintiffs to make the complaint more definite and certain.

The first ground of the motion is that the County of Colleton was entitled to know what relation the plaintiffs claim that it sustained to the defendant Carroll; that is, whether the plaintiffs intended to rely upon the theory that Carroll was an independent contractor or an agent of the County in the matters complained of. I think that this was a very natural and important matter, as to which the County was entitled to be informed in order properly to present its defense; and that the motion in regard to it should have been granted. Carroll was manifestly either an independent contractor, under contract with the County, or he was an agent of the County employed to do the work or to supervise it. The defendant County was entitled to know upon which theory the plaintiffs relied. It is impossible to ascertain that from the complaint.

The second ground is of like character, and the motion as to it should have been granted.

The third ground does not strike me as of sufficient importance to require the motion to be sustained as to it.

The fourth ground cannot be sustained under the case of *Bolin v. R. Co.,* 65 S. C., 222; 43 S. E., 665, hereinbefore referred to.

The fifth ground is that the charge of the complaint is in the alternative; that the defendant by its agents and servants either set out the fire or allowed it to be set out along the right of way, a form of pleading universally reprehensible. The defendant was entitled to know upon which theory the plaintiffs intended to rely, particularly in view of the demand for punitive damages.

The sixth ground asserts the right of the defendant to a distinct specification of the acts of the defendant constituting the basis of the plaintiffs' complaint. Except for the

vice of alternative pleadings, I think that the charge of setting out the fire negligently, etc., was sufficiently definite and certain.

4. The demurrer of the defendant Carroll.

The defendant Carroll interposes objections which would come more appropriately from the County of Colleton and the American Surety Company, and are no defenses, if true, so far as he is concerned. His demurrer was properly overruled.

5. The demurrer of the defendant American Surety Company.

The first ground is that the complaint states no cause of action against the County of Colleton; that for that reason there is a misjoinder of parties. Misjoinder of causes of action is a ground of demurrer, not of parties. If a person is sued against whom no cause of action is stated, along with one against whom a cause of action is stated, the vice is a multiplicity of parties, which is not a ground of demurrer; the person against whom no cause of action is stated may demur for that reason; the other is not at all affected by his presence. This ground of demurrer further states that no cause of action is stated against the surety company; that matter will be discused in connection with the other grounds.

The second ground suggests a matter which would come more appropriately from the defendant Colleton County; the surety company has no interest in it.

The third ground is that the complaint does not state facts sufficient to constitute a cause of action against the defendant American Surety Company, in that : (1) It does not appear that the defendant is liable under its bond for a tort committed by the defendant Carroll or his agents and servants; (2) it does not appear that the acts constituting a tort by the defendant Carroll arose by reason of the construction of the highway.

The allegations of the complaint are singularly meager in stating the relation between the County of Colleton and the defendant Carroll, or the relation between the County of Colleton and the American Surety Company. No reference is made in the complaint to the terms of the contract, if any existed, between the County and Carroll, or to the terms of the bond of Carroll to the County upon which, it it assumed, the American Surety Company was a surety. It is impossible to tell from the complaint the terms of Carroll's contract, which, as a matter of course, constitutes the extent and limitation of the surety's obligation. All that is alleged is that the American Surety Company became surety for Carroll "for any and all claims arising by reason of the construction of the roads hereinafter referred to." It might be assumed from this that the County had let the construction of a highway to the defendant Carroll under specific contract binding Carroll to certain obligations; that Carroll had given a bond for the faithful performance of his obligations under the contract; and that the American Surety Company had signed the bond as his surety. This Court, however, has no right to indulge in any such assumption; the complaint must be taken as it is.

As above remarked, in dicussing the motion of the surety company to order the complaint to be made more definite and certain, the allegation of the complaint above quoted falls very short of the allegations which would ordinarily be made if the action had been against the surety company alone. But assuming what is above stated as possibly inferable, there is nothing in the complaint, or in such an inference, to show that the surety company became obligated to respond in damages for a tort of the defendant Carroll or of his agents and servants. If the allegation in the complaint be taken as true that Carroll or his agents and servants set out fire upon the plaintiffs' premises or negligently allowed it to be set out on the right of way, and

it extended to the plaintiffs' premises, clearly Carroll would
have been guilty of a tort, not connected at all with the
"construction" of the highway, and therefore not covered
by the bond according to the meager terms set forth in the
compaint.   It is not even alleged that the tort was com-
mitted while the construction was in process; certainly not
that it was connected with the construction.   But aside
from these technical objections, and taking it for granted
that the County let the construction to Carroll under a con-
tract, that Carroll gave a bond with the surety company
as surety for the faithful performance of the contract, and
that the surety company became "surety for the defendant
J. L. Carroll for any and all claims arising by reason of
the construction of the road hereinafter referred to," I shall
endeavor to meet the question squarely: Does this obligate
the surety company to respond in damages for a tort com-
mitted by Carroll or his agents and servants while engaged
in the construction?

A fair interpretation of the allegation in the complaint,
that the surety company "is surety for the defendant J. L.
Carroll, for any and all claims arising by reason of the
construction of the roads," is that a bond was executed by
the surety company, conditioned upon the faithful perform-
ance by the contractor of all the requirements, terms, and
conditions of its contract with the County, and under it the
surety company is liable for any damages sustained by the
County by reason of the failure of the contractor to faith-
fully comply with any of the requirements of the contract;
it does not, judging by the meager excerpt from it, cover
anything else.   It is clear that the object of the bond was
simply to assure to the County the performance of its con-
tract with Carroll in accordance with its terms.

The plaintiffs would have it not only to do this for the
County, but to assure the payment of any claim made by
any one against Carroll while he may have been engaged in

carrying out the contract made with the County, although by their own interpretation it covers only claims "arising by reason of the construction of the roads." Surely a willful, wanton, and negligent act of Carroll, or of his agents and servants, in setting out fire away from the work of construction can have no connection with the work of construction.

The point is fairly illustrated by the case of *Eidsvik v. Foley,* 99 Minn., 468; 109 N. W., 993. There the contractor engaged to dig a drain ditch, under contract with a County. The bond provided not only assurance that the contract would be faithfully performed, but provided indemnity for those whose land might be injured by a faulty construction. The contractor failed to provide a proper outlet for the drain, on account of which the plaintiff's land was flooded. The Court very properly held that the sureties were bound to respond in damages to the plaintiff for the injury so caused. The opinion declares:

"The object of the bond was not simply to secure the performance of the contracts in accordance with the plans and specifications, but further, to furnish indemnity for those who might be injured by a failure of the contractor to construct the ditch in the manner provided by the contract."

The prominent distinction between that case and the case a bar is that in the latter there appears no similar indemnity for third persons and the injury is not at all connected with the construction. The inference from the *Minnesota case* is clear that unless the bond provides immunity to third persons, they can derive no benefit from it. It was upon the specific ground that the bond provided indemnity for the materialmen, that the plaintiff's complaint was sustained in the case of *Mack v. Bonding Co.,* 103 S. C., 55; 87a S. E., 439. This proposition is sustained by an overwhelming array of authorities: A stranger to a contract between two

other persons cannot recover upon it, unless it appears, not only that it confers a benefit upon him, but that it was made, in part at least, for his benefit. *Allen v. Brazier,* Bailey, 55 *Duncan v. Moon,* Dud. Law, 332. *Brown v. O'Brien,* 1 Rich., 268; 44 Am. Dec., 254. *Thompson v. Gordon,* 3 Strob., 196. *Harris v. R. Co.,* 31 S. C., 87; 9 S. E., 690. *Butler v. Tel. Co.,* 62 S. C., 222; 40 S. E., 162; 89 Am. St. Rep., 893. *Ancrum v. Water Co.,* 82 S. C., 284; 64 S. E., 151; 21 L. R. A. (N. S.), 1029. *Thomas v. Atkinson,* 94 S. C., 125; 77 S. E., 722; 13 C. J., 709.

There is not a suggestion in the complaint that the bond was given for the benefit of those who might be injured by the torts of the contractor or his agents and servants, independently of the construction of the highway. It may be that upon an inspection of the bond, it will appear that the bond provides indemnity not only to the county but to third persons, " for injuries which have been incurred in and about the said construction, under the operation of the statutes of the state " (a clause in common use in bonds required by the state highway commission). In that event the question would arise whether that provision covered the damage sustained by the plaintiffs in the present case. As the complaint stands, without any allegation of a provision in bond for the benefit of third persons, I think that the complaint as to the American Surety Company is plainly demurrable. This emphasizes, too, the propriety of the surety company's motion that the complaint be made more definite and certain.

It is stated in the opinion of Mr. Justice Watts:

"As to the bond of the American Surety Company of New York: At the trial the bond will show for itself what the surety company became liable for; that is a matter of defense by the surety company and cannot be determined by the demurrer interposed by them."

I do not at all agree to this proposition. The plaintiffs are bringing the action, and it is incumbent upon them to

state the facts upon which they claim liability of the surety company. Until they do so, there is nothing for the surety company to defend.

I think therefore that the demurrer of the American Surety Company should have been sustained, with leave to the plaintiffs to amend their complaint as they may be advised.

6. The demurrer of the defendant Colleton county.

In the opinion of Mr. Justice Watts it is said:

"If the fire was the result of the negligent act of Carroll or the hands employed by him in working the roads of Colleton county, under contract between Carroll and Colleton county, acting in the scope of their authority and employment, then both Carroll and Colleton county would be liable to respond in damages for the loss sustained by the respondents, by the negligent or willful and wanton acts of Carroll or the hands employed by him, under his control and supervision, acting in the scope of his authority."

With due deference and respect, I think that this statement is entirely too broad. I agree that if Carroll committed the tort he is responsible in damages, regardless of whether he acted " in the scope of this authority " or not. I also agree that if the agents and servants of Carroll committed the tort while acting within the actual scope of their employment, Carroll is responsible in damages. But I do not agree to the statement that under either of the conditions stated, the county of Colleton, having made a contract with Carroll, for the construction of the highways, would be responsible in damages for the consequences of their torts. I think, as already stated, that it is plainly inferable from the complaint, and doubtless would explicitly appear upon an amended complaint conforming with an order to make the present complaint more definite and certain, that Colleton county entered into a written contract with Carroll for the construction of the highways; and that Carroll executed a bond to the county, with the American Surety Company as surety, for the faithful performance of

his contract. If so, Carroll's relation to the county is that of an independent contractor, for whose torts, committed while engaged in the construction of the highway, the county cannot be held liable.

In *Conlin v. Charleston,* 15 Rich., 201, the Court said:

"A master is liable for the negligence of his servant engaged in his business, because he selects his servant and controls him. He should not be answerable for acts done by the servant of another, or by that other who is not subject to his control. Therefore, the owner of property, fixed or movable, for whose benefit a work about such property is to be accomplished, is not held answerable for the negligence of an independent contractor to whom he has committed the work, to be done without his control in its progress"—quoted with approval in *Banks v. Exp. Co.,* 73 S. C., 211; 53 S. E., 166.

In *Rogers v. R. Co.,* 31 S. C., 378; 9 S. E., 1059, it was held that the railroad company was not liable for damages resulting from a fire within the limits of its right of way, caused by the act of the servants of an independent contractor who was engaged by the company to build the road.

In *Abbott v. Lumber Co.,* 93 S. C., 131; 76 S. E., 146, after quoting with approval the foregoing from the *Conlin case,* the Court said:

"If the trees were felled by an independent contractor, the defendant was not responsible for such wrong."

A builder, carrying on an independent employment and acting in pursuance of a contract with his employer, by which he has agreed to work at specified times in a particular manner and for a stipulated price, is alone liable for injuries to third persons that occur while the work is progressing and which are caused by his negligence.

In 39 C. J., 1324, it is said:

"Where the relation of an independent contractor exists, and due diligence has been exercised in selecting a competent contractor, and the thing contracted to be done is not

in itself a nuisance, nor will necessarily result in a nuisance if proper precautionary measures are used, and an injury to a third person results, not from the fact that the work is done but from the wrongful or negligent manner of doing it by a contractor or his servants, the contractor is not liable therefor"—citing more than 200 cases, including the *Colin case* from 15 Rich., 201.

See, also, 16 Am. & Eng. Enc., 192. *R. Co. v. Artist,* (C. C. A.), 60 F., 367; 23 L. R. A., 581. *Richmond v. Sitterding,* 101 Va., 354; 43 S. E., 562; 65 L. R. A., 445; 99 Am. St. Rep., 879. *Vickers v. R. Co.,* 64 W. Va., 474; 63 S. E., 367; 20 L. R. A. (N. S.), 793; 131 Am. St. Rep., 929.

It seems to me that the foregoing considerations are conclusive that the complaint states no cause of action against Colleton county. It really is not necessary therefore to consider the question whether liability of the county under what is termed the "Enabling Statute" follows from the facts stated in the complaint.

It is clear that the cases of *Derrick v. Columbia,* 122 S. C., 29; 114 S. E., 857. *McNinch v. Columbia,* 128 S. C., 54; 122 S. E., 403. *Kneece v. Columbia,* 128 S. C., 375; 123 S. E., 100. *Wilson v. Laurens,* 134 S. C., 271; 132 S. E., 590, cited by Mr. Justice Watts, do not affect the question, for in each one of them the tort complained of was the direct act of the municipality; no question was made even that it was the act of servants of the municipality of an independent contractor.

It must be admitted that the question of the liability of a municipality, county or city, under Sections 2948 and 4478, under the decisions of this Court, is in a deplorably confused condition. I cannot hope, unassisted, to relieve the confusion and can only reiterate the conclusions which I have heretofore arrived at:

1. No municipality has the right, by corporate action, to take or damage the property of a citizen without compen-

sation, and is responsible in damages therefor under the provisions of both federal and the State Constitutions, regardless of any so-called "Enabling Statute," as sections 2948 and 4478.

2. In the absence of a statute, a municipality, a segment of the government, is not responsible in damages for the nonfeasance or misfeasance of its agents in the performance of their governmental duties, however responsible it may be where the act was ordered, authorized, or ratified by it.

3. In order to fix liability upon a municipality for the nonfeasance or misfeasance of its agents, a Statute must be produced which creates such liability, and the case in question must come within the folds of such Statute.

4. The Statute relied upon, Section 2948, prescribes the conditions under which such liability will exist: (1) The negligence for which the county is made liable must result in such a defect in, or defective condition of, the highway, as makes it unsafe for travel; (2) Those only who at the time of the injury are making use of the highway for the legitimate purposes of travel are entitled to the benefit of the Statute. There is not a suggestion in the complaint that the asserted liability of the county can be brought within the terms of either of these essential elements.

Particular attention is called to the latest deliverances of this Court upon the subject: *Hiott v. Walterboro,* 127 S. C., 251; 119 S. E., 869. *Stewart v. Charleston,* 134 S. C., 398; 132 S. E., 678. *Youngblood v. York,* 135 S. C., 337; 134 S. E., 1.

I think therefore that the demurrer of the county of Colleton should have been sustained.

The reporter will incorporate in the report of the case the several motions and demurrers.

*Per Curiam. Petition dismissed.*

ON PETITION FOR REHEARING.

MR. JUSTICE COTHRAN, (dissenting) : I cannot make plainer my views of this case than I have done in my dissenting opinion, and for the reasons therein stated I dissent from the order refusing the petition for a rehearing.

I am unwilling to believe that the Court fully comprehends the unlimited degree to which the opinion in this case has extended the liability of a county; it far exceeds in extent any decision that has heretofore been rendered by this or any other Court; in my opinion, it is subversive of the settled principles affecting the liability of an owner for the negligence of an independent contractor or his agents and servants; and in the hundreds of instances of road improvement now begun or contemplated, it is calculated to seriously embarrass practically every county in the State.

Here we have a case of a county legally letting a contract for the construction of an improved highway to a contractor, under a written contract for the performance of every act and the supplying of all material and labor in connection with that construction, under a surety company bond to the county for his faithful performance of his contract. If that does not present a case of independent contractor, I do not understand the English language. In every clime, under every judicial sky, it has been the settled law that the proprietor of any kind of property to be constructed or improved is not liable in damages for the negligent act of an independent contractor, and why, at this day, that principle should be departed from, and a county, whose liability is limited to statutory creation, be made an exception to that rule, is beyond my comprehension, and receives my most emphatic disapproval.

As Mr. Dillon says:

"In other words, the principle of *respondeat superior* does not as a rule extend to cases of independent contracts, where the party for whom the work is to be done is not the

immediate superior of those guilty of the wrongful act and has no choice in the selection of workmen and no control over the manner of doing the work." 4 Dillon, M. C. (5th Ed), § 1721; *R. Co. v. Tillotson,* 84 Wash., 678 ;147 P., 423.

A county is a portion of the State, a carved-out segment of the State. It partakes of the State's immunity for the negligence of its agents and servants except when otherwise prescribed by Statute. Certainly there is no Statute making it liable for the negligence of an independent contractor or of his agents and servants.