11064

DERRICK v. CITY OF COLUMBIA

(114 S. E., 857)

NUISANCE—COMPLAINT AGAINST MUNICIPALITY MAINTAINING SLAUGHTERHOUSE HELD SUFFICIENT.—In an action against a city for maintaining a slaughterhouse constructed under authority given by Civ. Code 1912, § 2939, a complaint, alleging that the cause of emission of offensive odors and gases from the said slaughterhouse is due to the construction of the plant, in that no adequate provision is made to prevent the noxious odors corrupting the atmosphere, states a cause of action; the allegations in effect charging negligence on the part of defendant.

Before WHALEY, J. County Court. Richland. March, 1922. Affirmed.

Action by G. S. Derrick against City of Columbia. From an order overruling a demurrer to the complaint, the defendant appeals.

The amended complaint is as follows:

The plaintiff above named, complaining of the defendant above named, herein alleges:

(1) That the plaintiff is now, and was at the times hereinafter mentioned, a resident of the County and State aforesaid.

(2) That the defendant is a municipal corporation, duly organized and created by and under the laws of the State of South Carolina, with power to sue and be sued in the Courts of said State.

(3) That the plaintiff is, and was at the times hereinafter mentioned and for two years theretofore, the owner of a house and lot with outbuildings, situated on the Broad River Road about two miles north of the City of Columbia, in which the plaintiff and his family dwelt at the times hereinafter mentioned; the said house, lot and outbuildings being reasonably worth $2,500.

(4) That since the purchase of the house and lot by the plaintiff as above stated, the defendant being the owner of

a certain tract of land, separated from the plaintiff's lot by a strip of land about 75 feet wide, in the year of 1920 began the erection thereon of a slaughterhouse and cattle pens about 300 yards from the plaintiff's dwelling house, the same being completed and put into operation the first part of 1921, and the defendant continuously thereafter kept and slaughtered and does now keep and slaughter therein large numbers of cattle, sheep, goats and hogs, and in the process of the butchering of such animals, and in the cooking of waste and offal, noxious and offensive smells are emitted, set free, and allowed to go over and upon plaintiff's premises, tainting and corrupting the atmosphere, so as to render the dwelling house and premises of the plaintiff unfit for habitation, and greatly depreciated in value.

(5) That upon information and belief the cause of such emission of offensive odors and gases from the said slaughterhouse is due to the construction of the plant, in that no adequate provision is made to prevent the noxious odors corrupting the atmosphere.

(6) That as a result of the sickening odors and gases the plaintiff's property has greatly depreciated in value, that the plaintiff has been put to unusual expense of doctor bills and medicine for his family, that he has been deprived of the services of his wife due to sickness caused by the said unsanitary slaughterhouse, that he has been deprived of the services of his five children due to sickness caused by the said slaughterhouse, that he has suffered great mental anguish due to the condition of his family, all caused by the unsanitary slaughterhouse, that especially in the summer time the odors are worse and the sickness in his family increases and proportionately his self-efficiency decreases, that because of the location of the said slaughterhouse it has caused an unusual number of insects, as flies, to accumulate around plaintiff's home, all to his damage in the sum of $3,000.

(7) And the plaintiff alleges that by so erecting and maintaining said slaughterhouse as to allow the said sickening, noxious odors and gases to escape and be carried over and across plaintiff's premises, the defendant has deprived the plaintiff of the full use and enjoyment of his premises and greatly impaired the value thereof; and the plaintiff further alleges that the defendant has failed and refused to compensate him for the loss and injuries sustained by reason of the defendant taking his property in the manner aforesaid; and the plaintiff alleges by reason of the wrongful taking of said premises without making compensation therefor, the defendant has become liable to the plaintiff in the sum of $3,000.

(8) That the plaintiff has made demand upon the defendant through their employees to abate the nuisance, but such demands were refused.

Wherefore, plaintiff demands judgment against the defendant in the sum of $3,000 and the costs of this action, and any further relief that may be just and proper.

The grounds of demurrer were as follows:

(1) Because under the laws and Statutes of South Carolina municipal corporations are not liable for damages under circumstances such as set forth in the complaint.

(2) Because there are no Statutes imposing liability for damages upon municipal corporations under the facts set forth in said complaint, and, in the absence of any enabling Statute, the defendant, being a municipal corporation, is not liable.

(3) Because it is not alleged that plaintiff's injuries were caused by reason of a defect in any of the streets, causeways, or bridges of the defendant, and that such defect was caused by the neglect or mismanagement of the defendant, or by reason of defect or mismanagement, or anything under the control of the said defendant in making repairs to its streets.

The order overruling demurrer is as follows:

The defendant, a municipal corporation, has demurred to the complaint on the grounds that it fails to state facts sufficient to constitute a cause of action. By its demurrer the defendant contends that the defendant, a municipal corporation, may not be sued in tort except in such cases as are included in the Act of the General Assembly which confers upon certain persons a right to sue a municipal corporation for certain injuries sustained by them. It also contends that the injuries which the plaintiff alleges that he has sustained in the complaint in this action are not included in the Statute referred to.

The plaintiff, on the other hand, contends that the decision in the case of *Faust and Kelly v. Richland County* establishes the plaintiff's right to bring the action sued upon in this case. The Supreme Court held in the Faust case that "the overflowing of the plaintiff's land in the manner alleged in the complaint was in violation of the constitutional provisions prohibiting the taking of property without due process of law."

In that case the defendant County was alleged to have caught surface water and thrown it in concentrated form on lands of the plaintiff, thereby depriving the plaintiff of the use thereof. In the case at bar; the plaintiff alleges that the defendant has "kept and slaughtered and does now keep and slaughter therein large numbers of cattle, sheep, goats, and hogs, and in the process of butchering of such animals, and in the cooking of waste and offal, noxious and offensive smells are emitted, set free, and allowed to go over and upon the plaintiff's premises, tainting and corrupting the atmosphere, so as to render the dwelling house and premises of the plaintiff unfit for habitation, and thereby greatly depreciated in value."

The plaintiff also alleges that the defendant, "by so erecting and maintaining its said slaughterhouse as to allow the said sickening, noxious odors and gases to escape and be

carried over and across plaintiff's premises, the defendant has deprived the plaintiff of the full use and enjoyment of the premises and greatly impaired the value thereof, and the plaintiff further alleges that the defendant has failed and refuses to compensate him for the loss and injuries sustained by reason of the defendant's taking his property in the manner aforesaid."

If the throwing of surface water on the lands of a person by depriving him of the use thereof amounts to a taking of property, then the casting of offensive odors and deleterious gases on one's premises to such an extent as to render the premises uninhabitable is a taking of property. I can see no difference in the two kinds of taking.

I am therefore of the opinion that the complaint states a cause of action, and the demurrer should be overruled.

It is therefore ordered that the demurrer be and the same is hereby overruled.

The exceptions are as follows:

(1) Excepts because his Honor erred in overruling the demurrer of the defendant upon the ground that municipal corporations are not liable for damages under circumstances such as set forth in the complaint, whereas he should have sustained said ground of demurrer.

(2) Excepts because his Honor erred in overruling the demurrer of the defendant upon the ground that there was no Statute imposing liability for damages upon municipal corporations under the facts as set forth in the complaint and said action could not be sustained in the absence of an enabling Statute, whereas he should have sustained said ground of demurrer.

(3) Excepts because his Honor erred in overruling demurrer of defendant upon the ground that said action could not be maintained at common law against the defendant, a municipal corporation, whereas he should have sustained this ground of demurrer and dismissed the complaint.

(4) Excepts because his Honor erred in overruling demurrer of defendant upon the ground that it was not alleged in the complaint that the injuries to plaintiff were caused by reason of defect in any of the streets, causeways, or bridges of the defendant, and that such defect was caused by the neglect or mismanagement of the defendant, or by reason of defect or mismanagement, or anything under the control of said defendant in making repairs to its streets, whereas he should have sustained this ground of demurrer and dismissed the complaint.

*Mr. C. S. Monteith,* for appellant, cites: *Action does not fall within* 1 *Civ. Code* 1912, *Sec.* 3053. *What amounts to taking of property by municipality:* 7 Cooley Const. Lims., 781. *City had right to establish abbatoir:* 1 Civ. Code 1912, Sec. 2939, Sec. 1593. *Demurrer should be sustained:* 111 S. C., 18.

*Messrs. John Hughes Cooper* and *John E. Edens,* for respondent.

December 16, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order overruling a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

The complaint, the demurrer, the order overruling the demurrer, and the exceptions will be reported.

Section 2939 of the Civil Code of Laws 1912, is as follows:

"*Establishment of Slaughter Pens.*—Municipal corporations in this State containing five thousand inhabitants or more, may establish, or permit, or require the establishment of slaughter pens without and beyond their corporate limits, and may prescribe regulations for the establishment, maintenance and conduct of the same, and shall have the right to enforce all such regulations as if the same were estab-

lished and conducted within the corporate limits. The police jurisdiction of any municipality that may establish, or permit the establishment of, a slaughter pen, or slaughter pens, shall extend to and cover the same, and all land and property necessarily used in connection therewith, not exceeding five acres, for the purpose of protecting and preserving the health in the inspection and slaughtering of animals for food, and in the protection and use of any such slaughter pen and grounds and of the property therein or thereon, and in the transportation of meats from pens to such city, and in preserving peace and order at said pens and on said grounds."

The allegations of the complaint that "the cause of such emission of offensive odors and gases from the said slaughterhouse is due to the construction of the plant, in that no adequate provision is made to prevent the noxious odors corrupting the atmosphere," in effect charge negligence on the part of the defendant.

Conceding that the defendant had the authority, under Section 2939 of the Code of Laws 1912, to construct and maintain the plant, it was liable for such damages as were proximately caused by the negligent operation of the plant.

Affirmed.