## 11471

## McNINCH v. CITY OF COLUMBIA

### (122 S. E., 403)

1. MUNICIPAL CORPORATIONS—LOST PROFITS MAY BE RECOVERED AS DAMAGES TO BUSINESS PROPERTY BY SURFACE WATER.—In an action against a city for damages resulting from surface water flowing into garage, lost profits could be recovered when ascertainable with sufficient certainty.

2. SET-OFF AND COUNTERCLAIM—IN ACTION AGAINST CITY FOR DAMAGES BY SURFACE WATER, DEFENDANT CANNOT COUNTERCLAIM FOR USE AND OCCUPATION OF STREET.—In an action against a city for damages resulting from surface water flowing into a garage, neither under Code Civ. Proc., 1922, § 411, nor under Section 428, can defendant counterclaim for use and occupation of the street for a filling station without the city's consent.

3. MUNICIPAL CORPORATIONS—CAUSE OF DAMAGE BY SURFACE WATER HELD FOR JURY.—In an action against a city for damage resulting from surface water flowing into a garage, whether the injury was sustained as a result of the city's negligence or was due to erection of structures on private property, for which the city was not liable, or to other causes, *held* for the jury.

4. DAMAGES—REFUSAL TO STRIKE OUT TESTIMONY OF DAMAGE TO PROPERTY RENTED BY PLAINTIFF HELD NOT ERROR.—In an action for damages from overflow of surface water, a refusal to strike out testimony as to damage to pumps and tanks which were fixtures on premises rented by plaintiff upon the ground that plaintiff was not the owner of the pumps *held* not error.

5. APPEAL AND ERROR—COURT'S FAILURE TO CHARGE AS TO PLAINTIFF'S BURDEN OF PROVING DAMAGE BY SURFACE WATER WAS NOT CAUSED BY OWN NEGLIGENCE HELD NOT PREJUDICIAL ERROR.—In an action against a city for damage resulting from surface water flowing into a garage, the failure of the Court to charge that plaintiff had the burden of proving that his own negligence did not contribute to the damage, *held* not prejudicial error, in the absence of a request to that effect; the right to recover not being wholly referable to Civ. Code, 1922, § 4478.

Note: On rights and duties of municipal corporation with respect to surface water, see note in 65 L. R. A., 250.

On measure of damages for destruction of, or damage to building by water, see note in L. R. A., 1917A, 373.

Before Whaley, J., County Court, Richland, 1923. Affirmed.

Action by A. J. McNinch, Jr., against the City of Columbia. Judgment for plaintiff and defendant appeals.

*Mr. C. S. Monteith* for appellant.

*Messrs. S. M. Busby* and *Polikoff & McElveen,* for respondent, cite: *Measure of damages for interruption of business:* 81 S. C., 181; 114 S. C., 533. *Exceptions raise points not made on trial:* 63 S. C., 566; 96 S. C., 346; 106 S. C., 278; 101 S. C., 299; Rule 18 Cir. Ct. *Omission in charge must be called to Court's attention:* 106 S. C., 279; 115 S. E., 634; 122 S. C., 268.

April 15, 1924.

The opinion of the Court was delivered by Mr. Justice Marion.

Plaintiff recovered a verdict for damages in the sum of $500, alleged to have been caused by the failure of the defendant City of Columbia "to provide sufficient drains on or under the street to carry rain water away, causing said rain water to accumulate in great volume and to flow with great force, volume, and concentration * * * upon the premises of this plaintiff," as a result of which surface water overflowed his garage and caused certain damages, among which were loss of profits from his shop and filling station and loss of customers due to interruption of his business for 10 days. From judgment on verdict the defendant appeals upon six exceptions.

Exceptions 1 and 3 are directed to the contention that the County Judge committed error in refusing to strike from the complaint the allegation that plaintiff had "lost profits from his shop and his filling station, also lost customers due to his idleness of 10 days," and in permitting the plaintiff, over defendant's objection, to adduce evidence to establish those allegations of fact. It

appears from the record that this contention was rested in the trial Court upon the proposition that the "actual damages" recoverable against a municipal corporation did not embrace damages due to loss of "profits." That is the sole proposition advanced in appellant's printed argument. No authority is cited to sustain it. We think the contention is untenable. If plaintiff was entitled to recover at all, the actual or compensatory damages sustained would be subject to exactly the same measure as would apply in a case against any other tort-feasor. Whether, under the circumstances, the proper measure of damages was the rental value of the garage for the 10 days during which the business is alleged to have been interrupted, or the value of its use to the owner, to be ascertained by inquiry into its past results, etc., are questions which the exceptions do not raise and which we do not undertake to pass upon. Upon the modern rule profits are not excluded from recovery because they are profits, but because there may be no criteria by which to estimate the amount with sufficient certainty to form the basis of adjudication. If a proper item of damage in this case, it does not appear and is not contended that the profits from plaintiff's business for a period of 10 days could not have been ascertained with sufficient certainty to render proof thereof admissible.

In its answer the defendant set up a counterclaim against plaintiff upon the ground that he had without the consent of the city established his filling station in the street, and that he had not paid nor offered to pay any rent to the city for the use of said property. On motion of plaintiff that counterclaim was stricken out, and defendant assigns error (exception 2). Appellant contends that the counterclaim is one which grew out of the transaction set forth in the complaint, and was properly pleaded under Section 411, Code of Civil Procedure, 1922. Plaintiff's cause of action was a tort. The alleged counterclaim is based upon an implied contract to pay rent. Neither

under the provisions of Section 411 nor of Section 428, allowing counterclaims in tort actions, was the alleged cause of action of the city against the plaintiff for the use and occupation of the street available as a counterclaim. See *Simkins v. Ry Co.,* 20 S. C., 258. *Roberts v. Jones,* 71 S. C., 404; 51 S. E., 240.

The contention mainly relied upon and impressed in argument (exception 4) is that the trial Judge committed error in failing to direct a verdict in favor of defendant upon the ground that the evidence was open to no other reasonable inference than that there was no negligence on the part of the defendant which proximately caused the damage or injury to the plaintiff. The contention is predicated upon the testimony of plaintiff, substantiated by other witnesses, to the effect that "he had never been bothered with water until the skating rink building was erected, and the City of Columbia had nothing to do with the building of the skating rink; it is on private property." A careful examination of the evidence set out in the record, a review and analysis of which would serve no useful purpose, does not convince us that the question of the proximate cause of plaintiff's alleged damage was improperly submitted to the jury. The sufficiency of the facts set out in the complaint to constitute a cause of action was not challenged by demurrer. There was evidence tending to support the allegations of the complaint. Whether the plaintiff's alleged injury was sustained as a result of the city's alleged negligence or was due to the erection of structures on private property for which the city was not responsible, or to other causes, was purely a question of fact, properly left to the determination of the jury. Exception 4 is overruled.

Error is assigned (exception 5) in that the presiding Judge declined to strike out certain testimony of plaintiff as to damage of pumps and tanks, upon the ground that the uncontradicted evidence showed that the plaintiff was not the owner of the pumps. The record does

not show that any motion to strike out this testimony was made by the defendant. If it had been made the fact that the pumps and tanks, which appear to have been fixtures on the property rented by the plaintiff, were not the property of the plaintiff would not be controlling as to the relevancy of the testimony. The exception is overruled.

The only remaining point made by appellant (exception 6), is that the trial Court erred in failing to charge the jury that the burden was on the plaintiff to prove that he had not in any way brought about his injury or damage by his own negligent act or proximately contributed thereto. Defendant made no request to charge that proposition, and at the conclusion of the Judge's charge, in reply to an inquiry from the Court, defendant's counsel stated that there was nothing further that he desired to have charged. If plaintiff was entitled to recover in this action, that right was not wholly referable to Section 4478, Vol. 3, Code, 1922, containing the provision that in an action against a city or town for damages occasioned by its negligence recovery is subject to the condition that the injured person has not in any way brought about his injury or damage by his own negligent act, etc. See *Triplett v. Columbia,* 111 S. C., 7; 96 S. E., 675; 1 A. L. R., 349. *Faust v. Richland County,* 117 S. C., 251; 109 S. E., 151. In no view, therefore, can the Judge's failure to charge this proposition of law he pronounced prejudicial error.

All exceptions are overruled, and the judgment of the Circuit Court affirmed.

Messrs Justices Watts, Fraser and Cothran concur.

Mr. Chief Justice Gary did not participate in this case.