### KNEECE v. CITY OF COLUMBIA

#### (123 S. E., 100)

1. MUNICIPAL CORPORATIONS—ACTION FOR DAMAGES TO PROPERTY FROM DISAGREEABLE ODORS CAUSED BY NEGLIGENT INSTALLATION OF INCINERATOR MAINTAINABLE.—An action for damages to property caused by disagreeable odors resulting from negligent installation and management of an incinerator may be maintained against a city, though there is no statute authorizing it.

2. NUISANCE—PROPERTY OWNER MAY SUE, THOUGH HE HAS SUFFERED NO SPECIAL DAMAGE.—Property owner may maintain an action based on negligent operation of an incinerator resulting in disagreeable odors, though he may not have suffered damage different in kind as well as in degree from what general public has suffered.

Before TOWNSEND, J., Richland, 1923. Affirmed.

Action by J. J. Kneece against the City of Columbia. Judgment for plaintiff and defendant appeals.

*Mr. C. S. Monteith,* for appellant, cites: *Liability of municipality for injury to person and property by defects in highways and bridges:* Vol 3, Code 1922, Sec. 4478; 20 S. C., 495; 38 S. C., 282; 40 S. C., 390; 43 S. C., 398; 56 S. C., 413; 55 S. C., 448; 70 S. C., 137; 89 S. C., 511; 71 S. C., 170; 94 S. C., 315; 111 S. C., 7; 122 S. E., 129. *Public Nuisance:* Clark's Cr. L. 345; 54 S. C., 248. *Right of recovery for nuisance:* 11 Rich. L., 283; 3 S. C., 438; 21 S. C., 495; 24 S. C., 39; 30 S. C., 539; 48 S. C., 96; 68 S. C., 552; 80 S. C., 512.

*Messrs. Cole L. Blease* and *C. T. Graydon* for respondent.

May 13, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for damages on account of the alleged negligent installation and management of an incinerator, whereby the plaintiff's property had been damaged by reason of the noxious and disagreeable odors consequent upon its operation. From a judgment of $450 in favor of the plaintiff, the defendant has appealed.

The appellant relies upon the following propositions for a reversal of the judgment: (1) That the cause of action stated in the complaint is not maintainable against a municipal corporation, in the absence of a statute authorizing it.

(2) That assuming that the delict complained of constituted a public nuisance, the evidence fails to show that the plaintiff has suffered any damages differing in kind from what the general public has suffered.

As to the first proposition: Opposed to the opinion of the writer, the Court has decided to the contrary, in the case of *Faust v. Richland County,* 117 S. C., 251; 109 S. E., 151, followed by the case of *Derrick v. Columbia,* 122 S. C., 29; 114 S. E., 857.

As to the second proposition: It is held in the case of *Belton v. Wateree Power Co.,* 123 S. C., 291; 115 S. E., 587, that although the plaintiff may not have suffered damage different in kind as well as in degree, he has a cause of action based upon negligent operation, which the complaint alleges in this case.

The judgment must therefore be affirmed, and it is so ordered.

MESSRS. JUSTICE WATTS, FRASER and MARION concur.
MR. CHIEF JUSTICE GARY did not participate.