### WILSON v. CITY OF LAURENS

#### (132 S. E., 590)

1. EMINENT DOMAIN—PROPERTY OWNER'S REMEDY FOR DAMAGE FROM SURFACE WATERS AFTER CHANGE IN DRAIN ON RAISING OF STREET HELD NOT UNDER STATUTE RELATING TO DAMAGES FROM LAYING OUT OR ALTERING STREETS (CIV. CODE, 1922, § 4570).—Where city after raising street failed to provide proper system of surface drainage, remedy of property owner, damaged thereby, was not under Civ. Code, 1922, § 4570, relating to compensation for damages from laying out or altering streets.

2. EMINENT DOMAIN—RULE AS TO BENEFITS HELD INAPPLICABLE IN PROPERTY OWNER'S ACTION FOR DAMAGE FROM SURFACE WATER DUE TO INADEQUACY OF DRAIN AFTER RAISING OF STREET (CIV. CODE, 1922, § 4570).—Rule as to benefits under Civ. Code, 1922, § 4570, *held* inapplicable, and charge thereon properly denied, in action by property owner for damages from surface water due to inadequacy of drain after raising of streets.

NOTE:—On rights and duties of municipal corporations with respect to surface water, see note in 65 L. R. A., 250.

Before C. M. DRUMMOND, SPECIAL JUDGE, November, 1924. Affirmed.

Action by R. T. Wilson against the City of Laurens. Judgment for plaintiff, and defendant appeals.

*Mr. A. C. Todd,* for appellant, cites: *Cities of over five thousand inhabitants authorized to alter streets:* Civ. Code 1922, Sec. 4570. *Liability of city for damages consequent upon the grading of streets governed by statute:* 111 S. C., 30; 58 S. C., 63; 54 S. C., 199; 53 S. C., 575; 53 S. C., 82. *In absence of statute city not liable for failure of its agents to keep streets in repair:* 114 S. C., 392; 111 S. C., 7; 106 S. C., 256; 104 S. C., 371; 89 S. C., 511; 70 S. C., 218; 66 S. C., 442; 58 S. C., 60; 43 S. C., 398; 20 S. C., 116; 19 S. C., 412; 14 S. C., 290; 2 Hill, 572. *Liability where damaging property amounts to taking:* 122 S. E., 403; 122 S. C., 100; 122 S. C., 29; 117 S. C., 251; 221 U. S., 36; 55 L. Ed., 890. *City liable for defects in streets:* Civ. Code, 1922, Sec. 4478. *City required to provide surface water drains:* Civ. Code, 1922, Sec. 4449. *Owner of property taken for public use entitled only to compensation for actual damages:* 110 S. C., 325; 88 S. C., 110; Lewis on Eminent Domain, Sec. 471. *Jury to say if city exceeded its power of repairing street to the injury of abutting property:* 4 Dillon on Municipal Corporations, 3rd Ed., 1733.

*Messrs. Blackwell, Sullivan & Wilson,* for respondent, cite: *Cities of over five thousand inhabitants authorized to alter streets:* Civ. Code, 1922, Sec. 4570. *Plaintiff's proper remedy, if any:* Civ. Code, 1922, Secs. 4449 and 4478. *This is a surface water action; not properly based on statute:* 123 S. E., 403; 123 S. E., 100; 122 S. C., 29; 117 S. C., 251; 77 S. C., 12.

April 8, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action for $1,500.00 damages alleged to have

been sustained by the plaintiff in consequence of the negligent and defective construction and maintenance of a system of drainage for surface water, in the street upon which the plaintiff's property fronts, by reason of which surface water in times of flood is concentrated at a point opposite his property and diverted in large volume upon his lot and under his dwelling house. .

The plaintiff's cause of action is based upon the following allegations: That prior to the year 1922 the surface water coming down from West Main Street, Church Street, and other streets in the City of Laurens was carried off by underground pipes, into a natural stream, away from the plaintiff's premises, which caused no injury to him; that in the year 1922 the city raised the streets and changed the drainage system on the north and west sides of the plaintiff's property, by which the underground pipes referred to were removed and an open ditch substituted, through which the water was carried to a point nearly opposite the plaintiff's property, where it emptied into a brick "manhole" about 4 feet square, at the bottom of which an underground pipe, practically at right angle with the line of the open ditch, carried the water and emptied it into a natural stream; the "manhole" was covered by an iron grating, and in time of flood the grating became clogged with mud, sand, and debris, by reason of which, and of the insufficient size of pipe leading off at right angle to the "manhole", the water was dammed up and diverted upon the plaintiff's property to the depth of two or three feet, weakening the foundation of his house, depriving him of the use of his back yard and garage, and depositing filth, deleterious matter, and stagnant water around and under his dwelling, rendering the premises uncomfortable and unhealthy, to his damage $1,500.00.

The defendant in its answer admits the formal allegations of the complaint, "denies all and singular the allegations of plaintiff's complaint except as hereinafter admitted, modi-

fied and explained," a form of denial which the plaintiff has entered no objection to, and will be assumed to be a denial of the material allegations of the complaint above set forth, and alleges that the streets referred to were improved to the great benefit and advantage of the property owners and to the special benefit of the plaintiff, describing the improvements and alleging that they were made properly, according to modern engineering principles, and "that the alleged damage to plaintiff's lot, if any, is not in any wise due to or the result of any defect in the said street or to anything under the control of the City of Laurens."

The case was tried at the fall term, 1924, before C. M. Drummond, Esq., acting as Special Judge. The evidence tended to establish the allegations of the complaint.

At the close of the evidence the defendant moved for a directed verdict upon grounds which will be discussed in the grouping of the exceptions after the manner of the appellant's argument.

The jury rendered a verdict in favor of the plaintiff for $650.00, and from the judgment entered upon that verdict the defendant has appealed.

The appellant's attorney has grouped the exceptions and his argument presents four propositions:

(1) That the defendant's motion for a directed verdict should have been granted upon the ground that the plaintiff's remedy for the alleged wrong was under Section 4570, Volume 3, Code of Laws 1922.

(2) That in a case of this kind the rule as to benefits is applicable and should have been charged by the presiding Judge.

(3) That the presiding Judge erred in charging upon the facts in violation of the Constitution.

(4) That the presiding Judge erred in refusing to charge certain sound and applicable propositions of law.

As to the first proposition, that the defendant's motion for a directed verdict should have been granted upon the ground that the plaintiff's remedy for the

alleged wrong was under Section 4570, Volume 3, Code of Laws 1922: Section 4570 relates to compensation for damages resulting from laying out, opening, closing, widening, or otherwise altering streets, and provides the manner of ascertaining such damages. The plaintiff's cause of action does not spring from any one of these operations by the city, but from the failure of the city to provide a proper system of suface draining. It is doubtless true that the raising of the street was the occasion for a change in the system of draining, but the raising of the street did not produce the injury complained of. The witnesses for the defendant testified, and counsel for the city admitted upon the argument of this case, that, when the trash and other impediments were removed from the grating upon the "manhole", the drains were amply sufficient to carry the water. The plaintiff's cause of action is maintainable under the cases of *Hopkins v. Clemson College,* 31 S. Ct., 654; 221 U. S., 636; 55 L. Ed., 890; 35 L. R. A. (N. S.), 243. *Faust v. Richland,* 109 S. E., 151; 117 S. C., 251. *Derrick v. Columbia,* 114 S. E., 857; 122 S. C., 29. *Kneece v. Columbia,* 123 S. E., 100; 128 S. C., 375. *McNinch v. Columbia,* 122 S. E., 403; 128 S. C., 54. The case of *Mayrant v. Columbia,* 57 S. E., 857; 77 S. C., 281; 10 L. R. A. (N. S.), 1094, is shaken by the case of *Triplett v. Columbia,* 96 S. E., 675; 111 S. C., 7; 1 A. L. R., 349, which, in turn, is shaken by the case of *Faust v. Richland County,* 109 S. E., 151; 117 S. C., 251, and *School District v. Marion,* 103 S. E., 767; 114 S. C., 382. The *Mayrant Case* sustains the respondent's position, and appears to have been restored.

As to the second proposition, that in a case of this kind the rule as to benefits is applicable and should have been charged: The cause of action being as stated, the rule as to benefits, of course, has no application.

As to the third proposition, that the presiding Judge erred in charging upon the facts, in violation of the Constitution: The remarks of the presiding Judge complained

of do not justify the criticism of the appellant; they were manifestly hypothetical.

As to the fourth proposition, that the presiding Judge erred in refusing to charge certain sound and applicable propositions of law: We see nothing in the exceptions complaining of the Judge's charge inconsistent with the law or prejudicial to the defendant.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES WATTS, BLEASE and STABLER, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.