13102

GREENE v. STATE HIGHWAY DEPARTMENT

(158 S. E., 159)

July, 1930.

*Messrs. John M. Daniel, Attorney General, Cordie Page* and *J. Ivey Humphrey, Assistant Attorneys General,* and *T. H. Stukes,* for appellant,

*Messrs. Truluck & Truluck,* for respondent.

March 30, 1931.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

This is an action for damages against the State Highway Department. The agreed statement of facts contains the following:

"State Highway No. 4 from Olanta to Turbeville which is maintained by the defendant, The State Highway Department, was constructed some time during the year 1925. It passes through plaintiff's land, or lands formerly owned by plaintiff, near the Town of Turbeville. In constructing the highway the level of the road was raised and culverts were placed under the roadway connecting ditches on either side, for the purpose of drainage.

"Plaintiff alleges in his complaint, under two causes of action (the first cause of action covering the years 1925, 1926, and 1927, the second cause of action covering the year 1929), that he suffered damages to his crops during these years in the sum of Seventeen Hundred Fifty ($1,750-00) Dollars, and that said damages were caused by the impounding of water on plaintiff's lands due to defective drainage in defendant's highway.

"The case was tried at the July, 1930, term of the Court of Common Pleas for Clarendon County, Honorable John S. Wilson, Presiding Judge. At the close of the testimony a motion was made for a directed verdict in favor of the defendant, which his Honor refused, and the case went to the jury who found a verdict in favor of the plaintiff in the sum of $250.00.'

The two exceptions of the appellant; the State Highway Department, charge error on the part of the Circuit Judge in refusing to direct a verdict in favor of the appellant on the two grounds submitted:

(1) That the Act of 1928 (35 Stats., 2055), permitting suits against the State Highway Department, creates a liability only in cases where the damage or injury incurred was caused by a defect in, or the negligent repair of, a highway, while said highway was being used by the person injured, or by the person whose property was damaged, for ordinary highway purposes.

(2) That there was no evidence, in so far as the first cause of action was concerned, to show that the claim required under the statute had been filed with the State Highway Department.

The questions raised by the appeal have been concluded against the contentions of the appellant by the decision of this Court in the case of *Chick Springs Water Co., Inc., v. State Highway Department,* 159 S. C., 481, 157 S. E., 842, filed March 18th, 1931.

The judgment below is affirmed.

MESSRS. JUSTICES COTHRAN, STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE COSGROVE concur.

MR. JUSTICE CARTER (concurring) : I concur under the authority of the case of *Chick Springs Water Co. v. State Highway Department* 159 S. C.; 481, 157 S. E., 842, with which case I did not agree.