19243

Roy M. HENSLEY et al., Appellants, v. RIVERLAND DEVELOPMENT CORPORATION, Respondent

(182 S. E. (2d) 290)

*Messrs. Rentz & Anders,* and *Law, Kirkland, Aaron & Alley, all* of Columbia, *for Plaintiff-Appellants,* 

*Messrs. E. Crosby Lewis,* and *Frank E. Robinson, II,* of Columbia, *for Respondent,* 

June 17, 1971.

BRAILSFORD, Justice.

This action for damages for the alleged obstruction of a right-of-way was commenced in June, 1968. The plaintiffs appeal from an order sustaining a demurrer to their complaint for insufficiency of facts to state a cause of action. The summary of the complaint in the agreed statement includes the ultimate facts well pleaded, stripped of descriptive matter and conclusional averments. We quote:

"The Plaintiffs allege that they are the owners of a lot of land located within (defendant's) 174 acre tract to which an access road (easement) ran * * * . The Plaintiffs and Defendants each received their land from a common grantor. The deed and plat describing the Plaintiff's lot, which were properly recorded, were before the Court and set forth the easement and described the use for which said easement was granted. The Defendant granted unto the South Carolina Highway Department a right-of-way easement covering a portion which was over common ground to the Plaintiff's easement. As a result the South Carolina Highway Department constructed a road and accompanying roadbed over said right-of-way easement, designated by Defendant, which resulted in damage to the Plaintiff's easement. Plaintiffs allege Defendant also caused the loss of a water line to Plaintiff's property by placing heavy fill thereon, resulting in damage to the Plaintiffs in the amount of One Hundred Thousand ($100,000.00) Dollars."

We agree with the circuit court that no cause of action is stated against the defendant. It appears from the complaint that plaintiffs have lost the use of their roadway because of the encroachment of a highway constructed by the South Carolina Highway Department in the performance of its public duties. The Department had the right and duty to acquire the right-of-way by grant or by eminent domain, and the defendant committed no wrong by making the grant. Since defendant was the

owner of the fee, a grant excluding that portion of the right-of-way which coincided with plaintiffs' easement would have been incomplete. Plaintiffs' easement was not impaired by defendant's deed. The defendant had no semblance of control over the Department in its relation toward others, and owed no duty to see that compensation was made to plaintiffs before their way was blocked. If the opening of the highway has taken plaintiffs' property, their remedy is against the Department for "just compensation" to which they are entitled under the Constitution. *Chick Springs Water Co. v. State Highway Department,* 159 S. C. 481, 157 S. E. 842 (1931).

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.